**AFFIRM; and Opinion Filed May 1, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00487-CV

**KAREN MISKO, Appellant**
**V.**
**TRACY JOHNS, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-01844-2013**

## OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Molberg

The Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011

(the TCPA), "protects citizens who petition or speak on matters of public concern from retaliatory

lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015)

(orig. proceeding). Indeed, the stated purpose of the TCPA is to "encourage and safeguard the

constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate

in government to the maximum extent permitted by law and, at the same time, protect the rights

of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE

ANN. § 27.002.

However, based on the broad definitions in the statute, parties have sought to apply the

protections of the TCPA to an increasing range of situations that do not further this purpose,

including filing motions to dismiss (1) a suit affecting the parent–child relationship under the family code, *Smith v. Malone*, No. 05-18-00216-CV, 2018 WL 6187639, at *1–2 (Tex. App.—Dallas Nov. 27, 2018, pet. denied) (mem. op.); (2) an appeal from the denial of a motion to dismiss under the TCPA, *Amini v. Spicewood Springs Animal Hosp., LLC*, 550 S.W.3d 843, 843–44 (Tex. App.—Austin 2018, no pet.); (3) a post-judgment subpoena directed to a third party, *Dow Jones & Co., v. Highland Capital Mgmt., L.P.*, 564 S.W.3d 852, 854 (Tex. App.—Dallas 2018, pet. filed); and (4) a TCPA motion to dismiss, *Paulsen v. Yarrell*, 537 S.W.3d 224, 230 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

This appeal is the second interlocutory appeal in this case concerning an order denying dismissal under the TCPA. In the first appeal, we determined the trial court did not err by denying Tracy Johns' TCPA motion to dismiss Karen Misko's substantive claims. *See Backes v. Misko*, 486 S.W.3d 7 (Tex. App.—Dallas 2015, pet. denied). In this second appeal, Misko, attempting to stretch the applicability of the TCPA beyond the substantive claims at issue, contends the trial court erred by denying a TCPA motion to dismiss a motion for sanctions filed by Johns based on Misko's conduct during the course of litigation.

We conclude the definition of "legal action" in the TCPA does not encompass a motion for sanctions alleging discovery abuse by a party that is filed after, and in this case years after, the commencement of litigation. Further, construing the TCPA to apply to such a motion would open the floodgates to serial motions to dismiss during the pendency of litigation based on conduct ancillary to the substantive claims in the case. Accordingly, we affirm the trial court's denial of Misko's motion to dismiss.

## Background

On May 9, 2013, Jane Backes sued Misko for tortious interference with prospective business relations and invasion of privacy. That same day, Johns filed a petition in intervention

alleging Misko had also tortiously interfered with Johns' prospective business relations. On January 27, 2014, Misko filed counterclaims against Backes and Johns. Misko alleged Johns defamed her in postings on an internet forum and that Backes and Johns conspired to publish the defamatory statements with the intention of harming Misko's reputation and business.

Backes and Johns filed motions to dismiss Misko's claims pursuant to the TCPA. The trial court denied the motions to dismiss, and Backes and Johns filed an interlocutory appeal. We affirmed the trial court's denial of Johns' motion, but reversed its denial of Backes' motion and rendered judgment dismissing Misko's claims against Backes. *See Backes*, 486 S.W.3d at 29.[1]

On remand, Johns began conducting discovery into Misko's substantive claims and damages. Johns filed numerous motions complaining Misko was not adequately complying with the discovery requests and asserting Misko had improperly designated expert witnesses and failed to produce documents relied upon by the designated experts. The discovery disputes culminated in a motion for sanctions filed by Johns on March 14, 2018. In the motion, Johns alleged Misko had used false evidence (suborned perjury) and made fraudulent filings in the case. Johns specifically asserted Misko (1) had induced a fact witness to sign a false affidavit and used that affidavit, as well as a false and misleading affidavit from an expert witness, to defeat Johns' motion to dismiss; (2) fraudulently designated two individuals as expert witnesses; and (3) "duped" the trial court into making rulings based on the assumption that the designated individuals had relevant records. Johns requested that, pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code, Texas Rules of Civil Procedure 13 and 215, and the trial court's inherent power, the trial court dismiss Misko's claims and award Johns attorneys' fees and expenses of at least $147,290.31.

---

[1] Backes is no longer a party to this litigation.

Misko filed a TCPA motion to dismiss the motion for sanctions. Misko argued the motion for sanctions was a legal action, as defined by the TCPA, and was filed in response to her exercise of the right to petition and Johns could not produce clear and specific evidence to establish a prima facie case for each essential element of the motion for sanctions.[2] Johns responded to the motion to dismiss, attaching voluminous evidence.

Misko's motion to dismiss and Johns' motion for sanctions were set to be heard on the same day. After the trial court denied the motion to dismiss, Misko immediately filed a notice of interlocutory appeal, staying all proceedings in the trial court including Johns' motion for sanctions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12), (b).

### Applicable Law and Standard of Review

Under the TCPA, a party may file a motion to dismiss a "legal action" that is based on, related to, or in response to the party's exercise of the right of free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). The "exercise of the right to petition" includes a communication in or pertaining to a judicial proceeding. *Id.* § 27.001(4)(A)(i). A "communication" is "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual or electronic." *Id.* § 27.001(1).

"[T]he Legislature has provided a two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of [the] First Amendment Rights" protected by the statute. *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam); *see also Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018) (noting protection of TCPA "comes in the form of a special motion to dismiss, subject to expedited review, for 'any suit that appears to stifle the defendant's' exercise of those rights" (quoting *In re Lipsky*, 460 S.W.3d

---

[2] In her motion to dismiss, Misko also asserted the motion for sanctions was filed in response to her exercise of the right of free speech. During oral argument, Misko's counsel stated that, on appeal, Misko was arguing only that the motion for sanctions was filed in response to her exercise of the right to petition.

–4–

at 584)). The movant bears the initial burden of showing by a preponderance of the evidence that the legal action is based on, relates to, or is in response to one of the rights protected by the statute. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b); *see also S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). If the movant makes this showing, the burden shifts to the non-movant to establish by clear and specific evidence a prima facie case for each essential element of its claims. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *Elliott*, 564 S.W.3d at 847.

Whether the TCPA applies to Johns' motion for sanctions is an issue of statutory interpretation that we review de novo. *See Youngkin*, 546 S.W.3d at 680. We construe the TCPA "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018). In doing so, we "ascertain and give effect to the Legislature's intent as expressed in the language of the statute." *Harper*, 562 S.W.3d at 11; *see also Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 58 (Tex. 2011) ("Legislative intent . . . remains the polestar of statutory construction." (internal citations omitted)).

In conducting our review, we consider both the specific statutory language at issue and the statute as a whole. *In re Office of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding); *see also Youngkin*, 546 S.W.3d at 680 ("[L]egislative intent derives from an act as a whole rather than from isolated portions of it."). We endeavor to read the statute contextually, giving effect to every word, clause, and sentence. *In re Office of Att'y Gen.*, 422 S.W.3d at 629; *see also Norman*, 342 S.W.3d at 58 (noting courts should "never" apply requirement that Legislature clearly and unambiguously express its intent to waive immunity "mechanically to defeat the law's purpose or the Legislature's intent").

We apply the statute's words according to their plain and common meaning, "unless a contrary intention is apparent from the context, or unless such a construction leads to absurd

results." *Youngkin*, 546 S.W.3d at 680; *see also Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011) ("The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results."). Although we must adhere to the definitions supplied by the Legislature in the TCPA, *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *Youngkin*, 546 S.W.3d at 680, in the process of applying those "isolated" definitions, we are required to construe individual words and provisions in the context of the statute as a whole, *Youngkin*, 546 S.W.3d at 680–81.

**Analysis**

The TCPA defines a "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *Id.* § 27.001(6). Misko asserts that Johns' motion for sanctions is a "legal action" under the "catch-all" provision of the definition because it is a "judicial pleading or filing that requests legal or equitable relief." *See Dow Jones & Co.*, 564 S.W.3d at 856.

The definition of "legal action" in the TCPA "appears to encompass any 'procedural vehicle for the vindication of a legal claim,'" *Harper*, 562 S.W.3d at 8 (quoting *Paulsen*, 537 S.W.3d at 233). However, the catch-all provision of the statutory definition "functions primarily as a safeguard against creative re-pleading of what are substantively lawsuits, causes of action, petitions, complaints, counterclaims, or cross-claims so as to avoid the TCPA's dismissal mechanisms" and, when viewed in light of the purpose of the TCPA, must be given a "somewhat restrictive application." *Dow Jones & Co.*, 564 S.W.3d at 857. Based on this limited application, we concluded in *Dow Jones* that a subpoena seeking discovery from a third party is not a legal action under the TCPA because:

> Were we to conclude the TCPA applies to third-party discovery, the proliferation of motions to dismiss attacking discovery requests, as opposed to the underlying lawsuit and substantive claims that are the TCPA's core focus, would result in application of the TCPA that strays from—and, indeed, undermines through cost

and delay—its manifest purpose to secure quick and inexpensive dismissal of meritless "legal actions" that threaten expressive freedoms. The TCPA was designed to reduce meritless litigation, not multiply it. To construe the TCPA to allow a free standing dismissal procedure with its attendant stay, appeal, and an award of attorney's fees every time discovery implicates or touches on the speech of a non-party, would cause the judicial system to grind to a halt and run counter to the TCPA's stated purpose, and promote a potentially absurd result.

*Id.* at 858 (internal citations omitted).

That same reasoning applies here. Johns' motion for sanctions is based solely on Misko's alleged discovery misconduct during the course of this litigation, not on any of Misko's substantive claims.[3] The denial of Misko's motion to dismiss Johns' motion for sanctions has led to this second interlocutory appeal, causing the resolution of Misko's substantive claims to "grind to a halt" and multiplying the litigation surrounding those substantive claims. On this record, we cannot conclude the Legislature intended that a motion based on conduct within litigation that is ancillary to the substantive claims in the case, such as Johns' motion for sanctions, should fall within the catch-all provision of "other judicial pleading or filing."[4]

In reaching this conclusion, we are unpersuaded that *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220 (Tex. App.—Austin 2018, no pet.), upon which Misko relies, mandates a different result. In *Hawxhurst*, the plaintiff sued for gross negligence, negligence, and breach of contract for damages to his boat arising from an incident on Lake Travis. *Id.* at 223. The defendant responded with a counterclaim for sanctions under Chapter 9 of the Texas Civil Practice and

---

[3] In *Better Business Bureau of Metropolitan Dallas, Inc. v. Ward*, 401 S.W.3d 440, 443 (Tex. App.—Dallas 2013, pet. denied), we concluded that, because the TCPA evidences a legislative intent to treat any claim by any party on an individual and separate basis, the defendant could file a motion to dismiss under the TCPA as to new claims asserted by an additional plaintiff in an amended petition. *Ward* is distinguishable because it addressed substantive claims based on conduct by the defendant outside the litigation that constituted the exercise of free speech as defined by the TCPA, *see id.* at 444, not the abuse of the discovery process within the litigation.

[4] Further, the TCPA specifically provides that it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(a). The specter of being required to engage in litigation under the TCPA, including the automatic stay of all proceedings when a motion to dismiss under the TCPA is filed and the possibility of an interlocutory appeal if the motion to dismiss is denied, would at least "lessen" the remedies available to a party to address discovery abuse during the course of litigation.

Remedies Code alleging the plaintiff had filed a frivolous pleading. *Id.* The plaintiff filed a TCPA motion to dismiss the counterclaim. *Id.* The Austin Court of Appeals concluded that, whether characterized as a counterclaim or a motion for sanctions, the request for sanctions was a "legal action" as defined by the TCPA and was filed in response to the plaintiff's exercise of the right to petition. *Id.* at 226–28.

Even if we assume *Hawxhurst* was decided correctly, the motion for sanctions in that case was filed in response to the plaintiff's petition and attacked the plaintiff's substantive claims. We do not read *Hawxhurst* to stand for the proposition that each individual filing within pending litigation that is ancillary to the substantive claims at issue constitutes a separate "legal action" for purposes of the TCPA.[5]

On this record, we conclude that Misko failed to carry her initial burden of showing the TCPA applies to Johns' motion for sanctions. Accordingly, the trial court did not err by denying Misko's motion to dismiss pursuant to the TCPA. We resolve Misko's sole issue against her and affirm the trial court's order.

/Ken Molberg/
KEN MOLBERG
JUSTICE

180487F.P05

---

[5] Further, even if we assume *Hawxhurst* correctly determined that a motion for sanctions is a legal action as defined by the TCPA, the party seeking dismissal must show the motion was based on, related to, or in response to the movant's exercise of a right protected by the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003(a), .005(b). In this case, Johns' motion for sanctions was based on alleged discovery abuse by Misko during the litigation. Discovery abuse is not a right protected by the TCPA. *See id.* § 27.003(a) (legal action must be based on party's exercise of right of free speech, right to petition, or right of association).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KAREN MISKO, Appellant

No. 05-18-00487-CV     V.

TRACY JOHNS, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas,
Trial Court Cause No. 429-01844-2013.
Opinion delivered by Justice Molberg, Justices Whitehill and Reichek participating.

In accordance with this Court's opinion of this date, the trial court's May 14, 2018 order denying appellant Karen Misko's motion to dismiss pursuant to the Texas Citizens Participation Act is **AFFIRMED**.

It is **ORDERED** that appellee Tracy Johns recover her costs of this appeal from appellant Karen Misko.

Judgment entered this 1st day of May, 2019.