**REVERSE and REMAND; and Opinion Filed September 5, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00973-CV

### RIGGS & RAY, P.C., Appellant
### V.
### STATE FAIR OF TEXAS, Appellee

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-16070**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

Riggs & Ray, P.C. (R & R), the plaintiff in the suit below, appeals an order granting a motion to dismiss filed by appellee State Fair of Texas (SFT), the defendant, pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.[1] The critical issue in this appeal is whether R & R's suit "is based on, relates to, or is in response to" SFT's exercise of its "right of free speech" or "right to petition." *Id.* §§ 27.003(a), 27.005(b)(1)–(2). We hold that it is not, and we therefore reverse and remand.

---

[1] The TCPA was recently amended, effective September 1, 2019. Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, § 12, sec. 27.001, 27.003, 27.005–.007, 27.0075, 27.009–.010 (to be codified at CIV. PRAC. & REM. §§ 27.001, 27.003, 27.005–.007, 27.0075, 27.009–.010). The foregoing amendments do not apply to this case, which was filed before the amendments' effective date. *Id.* at § 11.

## BACKGROUND

In March 2015, R & R, on behalf of an anonymous client, sent a letter to SFT requesting sixty-one categories of records under the Texas Public Information Act (TPIA). *See* TEX. GOV'T CODE ANN. §§ 552.021, .221.[2] SFT filed a declaratory judgment action against R & R. SFT's petition sought a declaration that it is not a governmental body subject to the TPIA, and, therefore, it had no obligation to comply with, or to respond to, R & R's requests. R & R filed (i) a plea to the jurisdiction, and (ii) an answer, motion to transfer venue, and motion to dismiss under the TCPA. The district court dismissed SFT's suit for want of jurisdiction and under the TCPA. The court also awarded R & R attorney's fees and sanctions under the statute. SFT appealed. This Court reversed and remanded on the basis that (i) SFT's petition was sufficient to invoke the district court's subject-matter jurisdiction, and (ii) the court erred in granting R & R's motion to dismiss. *See State Fair of Tex. v. Riggs & Ray, P.C.*, No. 05-15-00973-CV, 2016 WL 4131824, at *1–5 (Tex. App.—Dallas Aug. 2, 2016, no pet.) (mem. op.).

In October 2016, SFT filed a notice of nonsuit. The notice stated that, based on subsequent developments, including the Texas Supreme Court's decision in *Greater Houston Partnership v. Paxton*, 468 S.W.3d 51 (Tex. 2015), SFT no longer saw the need to prosecute its action. Thereafter, the district court signed an order of nonsuit dismissing SFT's suit without prejudice.

Two months later, R & R sued SFT. R & R's petition sought a judgment (i) declaring its rights, status, and legal relations with regard to SFT and (ii) concerning the applicability of the TPIA to SFT. *See* GOV'T § 552.3215(b) ("An action for a declaratory judgment or injunctive relief may be brought . . . against a governmental body that violates this chapter."); CIV. PRAC. & REM. §§ 37.001–.011 (Declaratory Judgments Act). Namely, R & R requested a declaration that (i) "SFT

---

[2] Certain provisions of the TPIA pertinent to this case were recently amended, effective January 1, 2020. Act of May 23, 2019, 86th Leg., R.S., ch. 1216, §§ 1, 8, § 12, sec. 552.003, 552321 (to be codified at GOV'T §§ 552.003, 552.321). The foregoing amendments do not apply to requests for public information that, as in this case, are received by a governmental body before the amendments' effective date. *Id.* at § 10.

is a governmental body for purposes of the [TPIA]," (ii) "the information sought by R & R is public information not exempt from disclosure," and (iii) "SFT has a duty to promptly release the requested information to R & R." R & R also requested a writ of mandamus based on SFT's "refusal to produce the requested public information as required by the [TPIA]." *See* GOV'T § 552.321(a). R & R sought an order compelling SFT to produce the requested information.

After answering R & R's petition, SFT filed two motions to dismiss, the first made under Rule 91a of the Texas Rules of Civil Procedure, *see* TEX. R. CIV. P. 91a, and the second urged pursuant to the TCPA, *see* CIV. PRAC. & REM. § 27.003. Around this same time, R & R filed a motion for discovery. On May 10, 2017, the court granted R & R's motion "with respect to limited requests for production" and ordered that SFT produce certain of the documents that R & R had requested.

On July 21, 2017, the district court held a hearing on SFT's motion to dismiss under the TCPA. One week later, on July 28, the court signed an order granting the motion.[3] R & R appealed the July 28 order, which at the time was an interlocutory order, in an abundance of caution.[4] Meanwhile, the case continued in the district court while the appeal was pending. On September 22, 2017, the court held an evidentiary hearing regarding SFT's attorney's fees and costs. *See id.* § 27.009(a)(1) (requiring, in event of TCPA dismissal, award to moving party of its costs and reasonable attorney's fees). Nearly one month later, on October 18, the court signed an order awarding SFT $161,239.25 in attorney's fees, $16,967.34 in "[o]ther expenses," and $90,000 in conditional attorney's fees in the event of an appeal to this Court and/or to the Texas Supreme Court. The court also ordered that R & R pay SFT $30,000 as a sanction, which, when paid, was

---

[3] The July 28 order also overruled SFT's objection to R & R's second amended petition, which R & R had filed two days before the dismissal hearing. The allegations in R & R's original and amended petitions pertinent to our analysis of whether the TCPA applies in this case are not materially different.

[4] Although the Civil Practice and Remedies Code provides for an appeal of an interlocutory order that *denies* a motion to dismiss under the TCPA, *see* CIV. PRAC. & REM. § 54.012(a)(12), the July 28 order *granted* SFT's motion to dismiss.

–3–

to be deposited into, and used exclusively by, the State Fair of Texas Youth Scholarship Program. *See id.* § 27.009(a)(2) (requiring "sanctions against the party who brought the legal action as the court determines sufficient to deter [such party] from bringing similar actions"). The October 18 order notes that it "is a final judgment that disposes of all remaining claims and parties."

On November 6 and 7, 2017, R & R and SFT filed cross-appeals of the foregoing orders.[5] Specifically, R & R appeals the July 28 dismissal order, a September 28, 2017 order denying R & R's requests for findings of fact and conclusions of law, and the October 18 fee order. SFT appeals the fee order.

On November 17, 2017, the district court held a hearing on a motion to reconsider, which R & R had filed nearly two months prior, with respect to the July 28 dismissal order. Following the hearing, the court signed an order dismissing the motion to reconsider on the ground that the court lacked authority under the TCPA to entertain the motion.[6] The court's order alternatively denied the motion to reconsider on the merits.

## ANALYSIS

The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." CIV. PRAC. & REM. § 27.002. The statute establishes a motion to dismiss procedure to accomplish this purpose. *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam) ("To effectuate the statute's purpose, the

---

[5] R & R filed a motion to consolidate its prior appeal of the interlocutory July 28 order with its subsequent appeal of the October 18 judgment. On November 14, 2017, this Court granted the motion and consolidated the two appeals.

[6] *See In re Hartley*, No. 05-19-00571-CV, 2019 WL 2266672, at *1, *3 (Tex. App.—Dallas May 24, 2019, orig. proceeding) (mem. op.) (holding that trial court lacked authority to grant motion for new trial or for reconsideration after expiration of TCPA's statutory deadline for ruling on motion to dismiss).

Legislature has provided a two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights.").

Specifically, "[i]f a legal action[7] is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association," the TCPA provides that such party "may file a motion to dismiss the legal action." CIV. PRAC. & REM. § 27.003(a). The movant bears the initial burden of showing "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to" the movant's "exercise of . . . the right of free speech," "the right to petition," or "the right of association." *Id.* § 27.005(b); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied). We review the trial court's ruling de novo. *Dyer*, 573 S.W.3d at 424.

R & R's first issue argues that the district court erred by dismissing R & R's claims and awarding SFT fees, expenses, and sanctions pursuant to the TCPA. Related to this contention, R & R's second issue urges that the TCPA does not apply to its claims. SFT counters that R & R's suit "is based on, relates to," or "is in response to" SFT's exercise of its "right to petition" and "right of free speech," and, therefore, the statute applies. *See* CIV. PRAC. & REM. §§ 27.003(a), 27.005(b)(1)–(2).

**"Exercise of the Right to Petition"**

The TCPA defines "exercise of the right to petition" as "a communication in or pertaining to," among other listed items, "a judicial proceeding." *Id.* § 27.001(4)(A)(i). "Communication," in turn, is defined as "includ[ing] the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). In applying these provisions, therefore, we must determine whether SFT "ma[de] or submitt[ed] . . . a statement

---

[7] The parties do not dispute that R & R's lawsuit is a "legal action" under the TCPA. *See* CIV. PRAC. & REM. § 27.001(6) (defining "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief").

or document," *id.* § 27.001(1), "pertaining to . . . a judicial proceeding," *id.* § 27.001(4)(A)(i), and, if so, whether R & R's lawsuit "is based on, relates to, or is in response to" such statement or document, *id.* §§ 27.003(a), .005(b)(2).

*"Judicial proceeding"*

It is undisputed that SFT's declaratory judgment petition was a "communication" as defined by the TCPA.[8] We agree based on the plain language of section 27.001(1). *See Coleman*, 512 S.W.3d at 899 ("Our objective in construing a statute is to give effect to the Legislature's intent, which requires us to first look to the statute's plain language." (citation and internal quotation marks omitted)). However, the parties dispute whether SFT's declaratory judgment action, which it nonsuited before R & R filed this lawsuit, was a "judicial proceeding" at the time R & R filed suit. *See Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 726, 728 (Tex. App.—Dallas 2016, pet. denied) (concluding that "ordinary meaning of 'a judicial proceeding' is an actual, pending judicial proceeding"). We need not decide this question. Even if SFT's declaratory judgment action remained a "judicial proceeding" after it was nonsuited, we agree with R & R that its "legal action" is not "based on," does not "relate[ ] to," and is not "in response to" SFT's exercise of its "right to petition," *see* CIV. PRAC. & REM. §§ 27.003(a), .005(b)(2).

*"Based on, relates to, or is in response to"*

"In order to trigger the TCPA's protection, the 'legal action' must be *factually predicated* on the alleged conduct that falls within the scope of [the] TCPA's definition of exercise of the 'right of free speech,' petition, or association." *Dyer*, 573 S.W.3d at 428 (emphasis added) (citation and internal quotation marks omitted). If this nexus is missing, then the statute does not apply. *See Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd) (concluding that

---

[8] *See* Oral Argument at 12:18–12:25 (recognition by R & R's counsel that filing of declaratory judgment action "arguably" was a "communication" within the meaning of the TCPA); *see also id.* at 1:03:20–1:03:50 (concession by R & R's counsel that SFT's letters and statements in documents were "arguably" and "probably would be communications" under the TCPA, though, in counsel's view, such communications were "embedded within activity").

any activities by the movant "that are not a factual predicate for [the non-movant's] claims are simply not pertinent to the inquiry"). We consider the pleadings and any supporting and opposing affidavits in the light most favorable to the non-movant, *Dyer*, 573 S.W.3d at 424, favoring the conclusion that the non-movant's claims are not predicated on protected expression, *Damonte v. Hallmark Fin. Servs., Inc.*, No. 05-18-00874-CV, 2019 WL 3059884, at *5 (Tex. App.—Dallas July 12, 2019, no pet. h.) (mem. op.); *cf.* CIV. PRAC. & REM. § 27.011(a) (stating that TCPA "does not abrogate or lessen any other . . . remedy . . . available under the constitutional, statutory, case, or common law or rule provisions"). "We cannot 'blindly accept' attempts by the movant to characterize the claims as implicating protected expression." *Damonte*, 2019 WL 3059884, at *5 (citing *Sloat*, 513 S.W.3d at 504). Any activities by the movant that are not a factual predicate for the non-movant's claims are not pertinent to our inquiry regarding whether the TCPA applies. *Id.*

R & R contends that its claims are not factually predicated on SFT's declaratory judgment action. Upon reviewing the pleadings and evidence in light of the foregoing standard, we agree with R & R. Nothing in R & R's petition suggests that its claims are predicated on anything other than SFT's noncompliance with R & R's records requests. *See id.* at *5 (concluding that nothing in non-movant's suit suggested its claims were predicated on anything other than movant's alleged involvement in scheme to misappropriate and use non-movant's confidential information); *Misko v. Johns*, 575 S.W.3d 872, 878 n.5 (Tex. App.—Dallas 2019, pet. filed) ("In this case, [intervenor's] motion for sanctions was based on alleged discovery abuse by [defendant] during the litigation. Discovery abuse is not a right protected by the TCPA."); *Dyer*, 573 S.W.2d at 430 (holding that plaintiffs' claims were based on defendants' alleged misappropriation of plaintiffs' proprietary software and confidential information with intent to sell or use such property). Although SFT communicated this noncompliance through its declaratory judgment suit, the noncompliance itself, not the communication, is the basis of R & R's claims. *See Kawcak v. Antero*

*Res. Corp.*, No. 02-18-00301-CV, 2019 WL 761480, at \*17 (Tex. App.—Fort Worth Feb. 21, 2019, pet. denied) ("[S]imply alleging conduct that has a communication embedded within it does not create the relationship between the claim and the communication necessary to invoke the TCPA.").

Our sister court's decision in *Dolcefino v. Cypress Creek EMS* is instructive in this regard. 540 S.W.3d 194 (Tex. App.—Houston [1st Dist.] 2017, no pet.). That case arose from a journalist's document requests, issued under sections 22.353 and 22.354 of the Business Organizations Code,[9] to a non-profit corporation. *Id.* at 196. The corporation filed a declaratory judgment action and sought a determination as to whether section 22.353 required it to provide the requested documents. *Id.* at 196–97. The journalist moved to dismiss based on the TCPA, claiming that (i) his document requests were an exercise of his right of free speech, and (ii) the corporation's declaratory judgment action was "harassment" in retaliation for the requests and was based on, related to, or filed in response to the journalist's exercise of his free-speech right. *Id.* at 197. The motion to dismiss was denied by operation of law, *id.* at 197 (citing CIV. PRAC. & REM. §§ 27.005(a), .008(a)), and our sister court affirmed on appeal, *id.* at 197, 202. The court noted that the corporation's pleadings "sought a declaration from the trial court concerning its *own* conduct, i.e., what its duties and obligations were upon its receipt" of the subject document requests. *Id.* at 200 (emphasis in original). Moreover, the corporation did not seek to prohibit any conduct or speech by the journalist, it did not allege the subject requests contained any tortious communications, and it did not seek any damages related to such requests. *Id.* Under these circumstances, the trial court reasonably could have determined that the corporation's suit was "'based on, relates to, or is in response to' the triggering of its own duties or obligations to comply

---

[9] *See* TEX. BUS. ORGS. CODE ANN. § 22.353(a)–(b) (requiring corporation to keep records of its financial activity and to make such records available to the public for inspection and copying); *id.* § 22.354(a)–(b) ("A corporation commits [a Class B misdemeanor] if the corporation fails to maintain a financial record, prepare an annual report, or make the record or report available to the public in the manner required by Section 22.353.").

with Business Organizations Code section 22.353—a subject matter that does not fall within the TCPA's purview." *Id.*

The plaintiff in *Dolcefino* was the recipient of the subject requests, whereas in this case the plaintiff (R & R) is the requestor. Nevertheless, in both suits the plaintiff sought (or, in the case of R & R, seeks) a determination of whether the applicable statute obligated (or, in the case of SFT, obligates) the recipient of the requests to produce the sought-after documents. Moreover, R & R's mandamus claim is based on the TPIA's mechanism for enforcing compliance with the statute. *See* GOV'T § 552.321(a); *cf. Retzlaff v. Klein*, No. 04-16-00675-CV, 2017 WL 3270368, at \*5 (Tex. App.—San Antonio Aug. 2, 2017, pet. denied) (mem. op.) (holding that defendants' motion for contempt against vexatious litigant under chapter 11 of Civil Practice and Remedies Code was not a retaliatory lawsuit under TCPA; "[b]y filing the motion for contempt, [defendants] were simply invoking the enforcement mechanism set forth in chapter 11"). R & R's "legal action" is not "based on, relate[d] to, or . . . in response to" SFT's exercise of its "right to petition."

**"Exercise of the Right of Free Speech"**

Under the TCPA, "exercise of the right of free speech" is defined as "a communication made in connection with a matter of public concern." CIV. PRAC. & REM. § 27.001(3). Accordingly, we must determine whether SFT "ma[de] or submit[ted] . . . a statement or document," *id.* §§ 27.001(1), "in connection with a matter of public concern," *id.* § 27.001(3), and, if so, whether R & R's lawsuit "is based on, relates to, or is in response to" such statement or document, *id.* §§ 27.003(a), .005(b)(1).

*"Communication"*

The parties dispute whether SFT's silence in response to R & R's records requests was a "communication" under the TCPA. We recently concluded that "the TCPA, as written, does not include the withholding of a statement or document as a 'communication.'" *Krasnicki v. Tactical*

*Entm't, LLC*, No. 05-18-00463-CV, 2019 WL 2136155, at \*4 (Tex. App.—Dallas May 16, 2019, pet. denied). To construe the definition otherwise "would lead to an absurd result as nothing would be outside the scope of the TCPA." *Id.* SFT attempts to distinguish *Krasnicki* on the basis that, unlike this case, *Krasnicki* did not involve a refusal to speak in the face of a statutorily based request for documents. We need not assess this purported distinction because, as noted previously, it is undisputed that SFT's declaratory judgment petition was a "communication" as defined by the TCPA. *See* CIV. PRAC. & REM. § 27.001(1). Thus, whether SFT's silence was also a "communication" is of no consequence to our resolution of this appeal. *See* TEX. R. APP. P. 47.1 (providing that opinion must address every issue "raised and *necessary* to final disposition of the appeal" (emphasis added)).

 *"Matter of public concern"*

 R & R does not dispute that SFT's declaratory judgment petition was "in connection with a matter of public concern." CIV. PRAC. & REM. § 27.001(3); *see also id.* § 21.001(7)(A)–(E) (defining "matter of public concern" as "includ[ing] an issue related to" "health or safety," "environmental, economic or community well-being," "the government," "a public official or public figure," or "a good, product, or service in the marketplace"); *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018) (describing the foregoing "statutory list" as "non-exclusive"); *Coleman*, 512 S.W.3d at 900 ("The TCPA does not require that the statements specifically mention health, safety, environmental, or economic concerns, nor does it require more than a tangential relationship to the same." (internal quotation marks omitted)). Accordingly, we need not decide this question, *see* TEX. R. APP. P. 47.1, and we will assume that SFT's declaratory judgment petition so qualifies.

*"Based on, relates to, or is in response to"*

As discussed previously, R & R's "legal action" is not "based on, relate[d] to, or . . . in response to" SFT's exercise of its rights under the TCPA, including its "exercise of the right of free speech." CIV. PRAC. & REM. §§ 27.003(a), .005(b)(1).

\* \* \*

We hold that the TCPA does not apply to R & R's suit. We sustain R & R's first and second issues. Given this holding, we need not consider R & R's remaining issues, nor need we consider SFT's cross-appeal. *See* TEX. R. APP. P. 47.1.

**Response to the Dissent**

The dissent begins by paying perfunctory deference to the test conducted in step one of the analysis required by the TCPA. The test requires this Court to read the petition in the manner most sympathetic to the TCPA's non-applicability. "[W]e consider, in the light most favorable to the non-movant, the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based." *Dyer*, 573 S.W.3d at 424 (citation and internal quotation marks omitted). The dissent then immediately jettisons any pretense of observing that test. It instead focuses on the purported nexus between R & R's suit and SFT's direct or *indirect* communications, while ignoring the plain language in the petition that R & R seeks relief from "SFT's refusal to produce the requested public information as required by the Texas Public Information Act."

The dissent also mischaracterizes R & R's allegation that it "now brings this suit . . . [b]ecause the court of appeals has already determined that the applicability of the TPIA to SFT constitutes a justiciable controversy and invokes subject matter jurisdiction under the [Declaratory Judgments Act]." This allegation simply demonstrates the availability of a lawsuit to remedy SFT's purported noncompliance with the TPIA. Contrary to the dissent's characterization, the allegation does not establish that the TCPA applies.

–11–

In sum, we must review R & R's petition and any supporting and opposing affidavits in the light most favorable to non-coverage. *Adams v. Starside Custom Builders, LLC*, 545 S.W.3d 572, 578 (Tex. App.—Dallas 2016), *rev'd on other grounds*, 547 S.W.3d 890 (Tex. 2018). The dissent's failure (or refusal) to do so leads it to erroneously conclude that the TCPA applies. This Court's precedent precludes us from following the dissent's approach.

## CONCLUSION

We reverse the district court's judgment and remand this case for trial.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

170973F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RIGGS & RAY, P.C., Appellant

No. 05-17-00973-CV     V.

STATE FAIR OF TEXAS, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-16070.
Opinion delivered by Justice Pedersen, III. Justices Whitehill and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for trial.

It is **ORDERED** that appellant RIGGS & RAY, P.C. recover its costs of this appeal from appellee STATE FAIR OF TEXAS.

Judgment entered this 5th day of September, 2019.