# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00110-CV

---

**James E. White, IV, Individually and as a Beneficiary of The Beauregard Brite White Trust (the "Beau Trust") and of The Edward McMinn White Trust (the "Mac Trust"); Marti White Wright, Individually and as a Beneficiary of The Beau Trust and of The Mac Trust; and Clinton Wesley White, by and through his next friend, James E. White, IV, Individually and as a Beneficiary of The Beau Trust and of The Mac Trust, Appellants**

**v.**

**Beauregard Brite White, Individually and as Trustee of The Beau Trust; Kathleen White (Hartnett); Edward McMinn White, Individually, and as Trustee of The Mac Trust; and Julie Bryan White, Appellees**

---

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
### NO. 2531-21, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This interlocutory appeal challenges the trial court's denial of a Texas Citizens Participation Act (TCPA) motion to dismiss. In 2023, siblings James E. White, IV, Marti White Wright, and Clinton Wesley White (collectively, Plaintiffs) sued their uncles, Beauregard ("Beau") Brite White and Edward ("Mac") McMinn White, and their aunts, Kathleen White (Beau's wife) and Julie Bryan White (Mac's wife) (Beau, Mac, and their wives collectively, Defendants) for, among other claims, breaches of fiduciary duties related to their uncles' individual trusts, of which Plaintiffs are contingent beneficiaries.[1] Defendants responded by moving for sanctions, which

---

[1] Because many of the parties share the same surname, we refer to them individually by their first names or by their family relationships.

Plaintiffs unsuccessfully attempted to dismiss under the TCPA.  Because the motions for sanctions are not "legal actions" to which the TCPA applies, we affirm.

## BACKGROUND

This dispute among family members follows a protracted dispute and litigation in Presidio County over the administration of the trust that owns the Brite Ranch in West Texas and of which Mac, Beau, and their two siblings (including Plaintiffs' father, who served as the trustee since 2010) are income beneficiaries.  *See generally White v. White*, 704 S.W.3d 250, 257–66 (Tex. App.—El Paso 2024, no pet.) (discussing factual and procedural background of dispute).  Beau, Mac, and their two siblings each have their own trust, of which they individually serve as trustee and primary beneficiary.  Plaintiffs are contingent beneficiaries of Beau's and Mac's trusts, which form the basis for this dispute.

In October 2023, Plaintiffs sued Defendants in Bastrop County for breaches of fiduciary duties, negligence, and conversion, among other claims.  Plaintiffs allege two general courses of misconduct:  First, Plaintiffs maintain that Beau and Mac conveyed to themselves and their wives real property held by the trust that exceeded the trust's annual distribution limits and violated an agreement that Plaintiffs insist gives them a right of first refusal before Beau and Mac may convey that property to anyone else.  Second, Plaintiffs contend Beau and Mac "judicially admitted" in the Presidio County litigation that they "do[] not have any descendants" such that they are "estopped" from claiming otherwise, referring to Beau and Mac's 2022 adoption of the

2

same adult man,[2] which effectively provided Beau and Mac with an heir who would inherit—in lieu of Plaintiffs—under their trusts' default distribution terms.[3] Plaintiffs sought declaratory judgment, specific performance, and damages of over $27,765,000, in addition to attorneys' fees. They also sought to remove Beau and Mac as the trustees of their individual trusts, of which they also sought an accounting and to examine records.

In response, Julie and Katherine[4] moved for sanctions against Plaintiffs and their counsel for purportedly groundless pleadings brought in bad faith and for the purpose of harassment. *See* Tex. R. Civ. P. 13 (providing that trial courts "shall impose an appropriate sanction" after notice and hearing upon party or counsel who files fictitious or groundless pleading or sues "in bad faith" or "for the purpose of harassment"); Tex. Civ. Prac. & Rem. Code §§ 9.011 (requiring signatory to certify that pleading is not groundless and brought in bad faith, for the purpose of harassment, or for any improper purpose), 10.001 (requiring signatory to certify same as to each pleading and motion, and that each claim, defense, contention, and denial is warranted, nonfrivolous, supported or likely to be supported by evidence, and reasonably based). They maintained that they were not parties to any of the agreements, including the adoption, and that they had no ownership in the trusts.

---

[2] In response to Plaintiffs' TCPA motion to dismiss, Beau and Mac represented that this man is a close family friend who they trusted to care for each of them and their wives as they age, given that neither had biological children.

[3] These default terms are still subject to Beau's and Mac's respective powers of appointment.

[4] At the trial court, Beau and Mac were jointly represented by counsel and Julie and Katherine were jointly represented by their own counsel. However, all Defendants are represented by the same counsel on appeal.

Beau and Mac filed an omnibus "original answer, verified denials, affirmative defenses, and original counterclaim." In the last, Beau and Mac sought a declaratory judgment that countered Plaintiffs' requests for declaratory relief[5] and sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 10.001–.006 (providing for sanctions for frivolous pleadings and motions).

Plaintiffs moved to dismiss Defendants' requests for sanctions under the TCPA and First Amendment to the U.S. Constitution. After a hearing, the trial court denied Plaintiffs' TCPA motion. Plaintiffs appeal. *See id*. § 51.014(a)(12).

## DISCUSSION

On appeal, Plaintiffs argue the trial court erred by denying their TCPA motion to dismiss. However, Defendants challenge Plaintiffs' standing in the underlying case—and thus this Court's subject-matter jurisdiction—which we necessarily address first. *See Texas Right to Life v. Van Stean*, 702 S.W.3d 348, 353 (Tex. 2024) (noting that courts must resolve jurisdictional challenges before addressing merits of TCPA motion to dismiss).

### A. Plaintiffs have standing.

Defendants contend Plaintiffs lack standing to sue them for breach of fiduciary duty because they are not beneficiaries of Beau's or Mac's trust. Defendants maintain the respective trusts provide that when Beau or Mac die, the trust property goes to each of their born or adopted

---

[5] This included, among other things, a declaration that they were not parties to, nor had they breached, either the buy-sell agreement or the trust partition agreement; that they had not breached any fiduciary duties in administering each of their own trusts; that they had not misapplied fiduciary funds; that Plaintiffs lacked standing to demand an accounting of the trusts; and that their adoption of Geoff Connor was valid and he is a vested remainder beneficiary of both their trusts.

children—not Plaintiffs. And because Plaintiffs are not "challenging the adoption," Defendants urge that Plaintiffs "are not personally aggrieved, and lack standing."

Though the parties describe this issue as one of "standing," Defendants' arguments are not cabined to whether Plaintiffs have standing in its "proper, jurisdictional sense"—i.e., that Plaintiffs have alleged, among other things, a concrete, particularized injury in fact—but instead encompass whether Plaintiffs fall within the class of persons statutorily authorized to bring the causes of action they have asserted. *See Berry v. Berry*, 646 S.W.3d 516, 527 (Tex. 2022). Resolving whether Plaintiffs are statutorily authorized to sue "may overlap with, but does not necessarily implicate, questions of standing bearing on subject-matter jurisdiction." *Id.* (citing *Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020)). Mindful of this Court's ever-present duty to assure itself of jurisdiction, we broadly construe Defendants' standing challenge to resolve any doubt regarding our subject-matter jurisdiction before proceeding to the merits. *See Van Stean*, 702 S.W.3d at 353 ("The court of appeals was on notice that the plaintiffs' standing was in question, and it should have assured itself of subject-matter jurisdiction before proceeding.").

However, Defendants have already acknowledged in this litigation that Plaintiffs are contingent beneficiaries of Beau's and Mac's trusts. Indeed, in response to Plaintiffs' TCPA motion to dismiss, Beau and Mac stated that "Plaintiffs are, at best, remote contingent beneficiaries of these trusts." Their trusts provide that:

> If the trust property be not prior exhausted, this trust shall terminate upon the death of the last to survive of the Settlors and when the youngest of said grandchildren who shall be living on the date of death of [Beau or Mac] who continues to survive attains the age of forty (40) years, or upon the death of the last survivor thereof, if occurring prior thereto; and upon such termination:

> The Trustee shall pay over, distribute and deliver the then remaining trust corpus to and among the issue of [Beau or Mac], free from the provisions of this trust, but in such manner, and subject to the terms and provisions as [Beau or Mac] may designate and appoint in and by his Last Will and Testament . . . . or
>
> In default of the exercise of such power of appointment . . ., the then remaining trust property shall, subject to the provisions of [terms not relevant here], go in equal shares to our then surviving grandchildren and the then surviving issue of any deceased one of them, per stirpes[.]

In other words, Beau and Mac each have a power of appointment, but in lieu of their exercising that right, the trust property passes to the settlors'—Beau and Mac's parents'—then-surviving grandchildren, which includes Plaintiffs.[6]

Texas allows a contingent beneficiary to sue a trustee for breach of fiduciary duty. *See* Tex. Prop. Code §§ 111.004 (defining, among other terms, "beneficiary," "interest," and "interested person"), 115.011(a) ("Any interested person may bring an action under . . . this Act."); *Berry*, 646 S.W.3d at 529 (discussing contingent beneficiary's interest and right to sue under Tex. Prop. Code § 115.001); *Estate of Cooper*, No. 02-23-00104-CV, 2024 WL 1100780, at *6 (Tex. App.—Fort Worth Mar. 14, 2024, no pet.) (mem. op.) (same). Plaintiffs held a contingent interest in each trust at the time of the alleged misconduct and are thus "sufficiently 'interested'" to sue "for an alleged breach of fiduciary duty that reduces funds flowing into the trust." *Ackers v. Comerica Bank & Tr., N.A., Tr. of Larry Ackers Generation Skipping Tr.*, 654 S.W.3d 750, 752 (Tex. 2022) (Busby, J., concurring in denial of petition for review).

Having concluded that Plaintiffs have standing and this Court has subject-matter jurisdiction over the appeal, we turn to the merits.

---

[6] The trusts do not differentiate between adopted and biological children.

**B. The motions for sanctions are not "legal actions" to which the TCPA applies.**

In their first issue, Plaintiffs argue that the trial court erred in denying their TCPA motion, arguing that the TCPA applies under these circumstances and Defendants failed to establish by clear and specific evidence a prima facie case for each essential element of the claims in question. Because the Texas Supreme Court has made clear that the TCPA's expedited dismissal process does not apply to motions for sanctions, we overrule Plaintiffs' issue on the first argument and do not reach the second.

The TCPA defines a "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." Tex. Civ. Prac. & Rem. Code § 27.001(6). In 2019, the Legislature amended the definition to exclude from the term, among other things, "a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 1, 2019 Tex. Gen. Laws 684, 684 (codified at Tex. Civ. Prac. & Rem. Code § 27.001(6)(A)). "The enumerated filings in the definition, buttressed by the exception, are connected by their function of commencing (or materially amending) a proceeding on a substantive legal claim—e.g., negligence, fraud, or deceptive trade practices—against another party." *Ferchichi v. Whataburger Rests. LLC*, No. 23-0568, 2025 WL 1350005, at *6 (Tex. May 9, 2025).

Here, Plaintiffs' first issue hinges on whether Defendants' motions for sanctions are considered "legal actions" to which the TCPA applies. While Plaintiffs maintain that they are, the cases that Plaintiffs cite in support of that argument have recently been overturned by the Texas Supreme Court. *See id.* at *1–3 (reversing *Pate v. Haven at Thorpe Lane, LLC*, 681 S.W.3d 476

7

(Tex. App.—Austin 2023) and *Whataburger Rests. LLC v. Ferchichi*, 698 S.W.3d 297 (Tex. App.—San Antonio 2022)). In *Ferchichi*, the Texas Supreme Court clarified that motions for sanctions "are 'based on conduct ancillary to the substantive claims in the case' and cannot stand on their own." *Id.* at *6 (quoting *Misko v. Johns*, 575 S.W.3d 872, 876 (Tex. App.—Dallas 2019, pet. denied)). The Court therefore held that a motion for sanctions "does not present a substantive underlying claim for relief and therefore is not a 'legal action' subject to dismissal under the TCPA." *Id.* at *8.

Because motions for sanctions are not "legal actions" to which the TCPA applies, the trial court properly denied Plaintiffs' TCPA motion to dismiss. We overrule Plaintiffs' first issue.[7]

### C. We lack jurisdiction to consider Plaintiffs' First Amendment argument.

Finally, Plaintiffs maintain that the trial court erred in denying their alternative challenge based on the First Amendment of the U.S. Constitution. However, because this is an interlocutory appeal, we have jurisdiction over only the claims statutorily authorized. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.").

To the extent that Plaintiffs' appeal stretches beyond the denial of their TCPA motion to dismiss, we lack appellate jurisdiction. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447

---

[7] Plaintiffs have not argued that Beau and Mac's motion for sanctions is a "legal action" to which the TCPA applies because it was asserted in the same pleading as their counterclaim for declaratory relief—which is a "legal action." *See* Tex. Civ. Prac. & Rem. Code § 27.001(6). However, Plaintiffs did not seek to dismiss Beau and Mac's counterclaims for declaratory relief. Plaintiffs' TCPA motion addressed, and Plaintiffs' appeal addresses, only Defendants' requests for sanctions under Chapter 9, Chapter 10, and Rule 13—not Beau and Mac's counterclaim for declaratory judgment.

(Tex. 2011) ("We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing interlocutory appeal from denial of TCPA motion to dismiss). Thus, we dismiss Plaintiffs' second issue for lack of appellate jurisdiction.

## CONCLUSION

For the above reasons, we affirm the trial court's order denying Plaintiffs' TCPA motion to dismiss.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed: May 29, 2025

9