# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00071-CV

---

### Armando Lorenzo, Appellant

#### v.

### Sandoval & James, PLLC; Esteban Sandoval; Yudovich Yarrito; Afif Antonio Hid Velasco a/k/a Afif Hid; and Hideal Group, LLC, Appellees

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-001667, THE HONORABLE WILLIAM C. KIRKENDALL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Armando Lorenzo sued a law firm, Sandoval & James, PLLC, and the firm's alleged case runner, Antonio Velasco,[1] for barratry. *See* Tex. Gov't Code § 82.0651 (Civil Liability for Prohibited Barratry).

Velasco responded by filing an "Original Answer and Counterclaims," which did not actually assert any substantive claim for relief but included a "Motion and Claims for Sanctions and Fees." In the motion, Velasco sought to recover sanctions (in the form of fees and costs) from Lorenzo and his counsel for having filed a groundless claim against him. Velasco denied that he had been employed by Sandoval & James at the time he contacted Lorenzo and referred him to the firm, and he denied that he had been paid for the referral. Velasco further

---

[1] In this opinion, Velasco refers to both the individual, Afif Antonio Hid Velasco a/k/a Afif Hid, and his company, Hideal Group, LLC.

alleged that Lorenzo's counsel had been aware of these facts when he filed the barratry suit. Velasco therefore argued that the suit was groundless without any basis in fact and sought sanctions against Lorenzo and his counsel under Chapter 9 or 10 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 9.011–0.014, 10.001–.005.

Lorenzo then filed a motion to dismiss under the Texas Citizens Participation Act, *see id.* §§ 27.001–.011 (TCPA), arguing that Velasco's motion for sanctions was based on or in response to Lorenzo's exercise of the right to petition, *id.* § 27.003(a) (party may file TCPA motion to dismiss "legal action" that is "based on or is in response to" party's exercise of protected right). Velasco responded by arguing that the TCPA did not apply because a motion for sanctions does not qualify as a "legal action" subject to dismissal under the act. *See Ferchichi v. Whataburger Rests. LLC*, 713 S.W.3d 330, 337 (Tex. 2025) (for TCPA to apply, challenged filing must qualify as "legal action" as defined by TCPA); *see also* Tex. Civ. Prac. & Rem. Code § 27.001(6) (defining "legal action"). The trial court denied Lorenzo's TCPA motion, and Lorenzo appealed. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing appeal from interlocutory order denying TCPA motion).

When Lorenzo filed his appeal, the authorities were split over whether a motion for sanctions qualifies as a "legal action" under the TCPA. *Compare, e.g., Pate v. Haven at Thorpe Lane, LLC*, 681 S.W.3d 476, 488–89 (Tex. App.—Austin 2023) (it does), *rev'd sub nom. Ferchichi v. Whataburger Rests. LLC*, 713 S.W.3d 330 (Tex. 2025), *with Thuesen v. Scott*, 667 S.W.3d 467, 474–75 (Tex. App.—Beaumont 2023, no pet.) (it does not). But during the pendency of the appeal, the Texas Supreme Court resolved the split, holding in *Ferchichi v. Whataburger Restaurants* that a motion for sanctions is not a "legal action" subject to dismissal under the TCPA. 713 S.W.3d at 341.

2

In *Ferchichi*, the Supreme Court began with the relevant text of the statute. *Id.* at 337. The TCPA defines a "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." Tex. Civ. Prac. & Rem. Code § 27.001(6). Thus, the definition first enumerates six filings that qualify as a "legal action": "a lawsuit, cause of action, petition, complaint, cross-claim, [and] counterclaim." *Id.* And then it ends with a broad catch-all provision: "any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.*

Next, the Supreme Court applied the doctrine of *ejusdem generis* to limit the scope of the catch-all provision to filings that are "like" the enumerated filings, which "include the overarching lawsuit and the pleadings encompassing the substantive claims for relief that are the basis of the suit." *Id.* at 338. This focus "on the addition or amendment of a 'claim' for relief," the Court explained, is confirmed by the 2019 amendment to the TCPA, *id.*, which expressly excludes from the term "legal action" any "procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief," Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 1, 2019 Tex. Gen. Laws 684, 684 (codified at Tex. Civ. Prac. & Rem. Code § 27.001(6)(A)).

"The enumerated filings in the definition, buttressed by the exception," the Court further explained, "are connected by their function of commencing (or materially amending) a proceeding on a substantive legal claim—e.g., negligence, fraud, or deceptive trade practices— against another party." *Ferchichi*, 713 S.W.3d at 338. But a motion for sanctions does not commence or amend a proceeding on a substantive legal claim. *See id.* Instead, it is "'based on conduct ancillary to the substantive claims in the case' and cannot stand on [its] own." *Id.*

3

(quoting *Misko v. Johns*, 575 S.W.3d 872, 874 (Tex. App.—Dallas 2019, pet. denied)). Because a motion for sanctions "does not present a substantive underlying claim for relief," the Court held that it is not a "legal action" subject to dismissal under the TCPA. *Ferchichi*, 713 S.W.3d at 341.

Thus, the authoritative holding of *Ferchichi* is that a motion for sanctions is not a "legal action" under the TCPA. Lorenzo argues that *Ferchichi* is inapposite because Ferchichi's holding is limited to a ***motion*** for sanctions, and Velasco didn't file a ***motion*** for sanctions but rather a ***counterclaim***. We disagree.

To determine the nature of Velasco's filing, we look not to its form or title, but to its substance. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999). And substantively, Velasco's filing is an "ancillary request for relief made within an underlying suit." *See Ferchichi*, 713 S.W.3d at 340. Velasco's filing does not commence or amend a proceeding on a substantive legal claim or counterclaim (unlike, say, Lorenzo's petition, which commences a suit on his claim for barratry). In the filing, Velasco requests that the trial court sanction Lorenzo and his counsel, and Velasco variously refers to this request as a "motion," "claim," and "counterclaim." Regardless of the title, the filing is based on conduct ancillary to the substantive claims in the case and could not have been brought on its own. Had Lorenzo not sued Velasco, there would be no basis for Velasco to seek sanctions against Lorenzo and his counsel.

Because Velasco's request for sanctions "does not present a substantive underlying claim for relief," but is instead based on ancillary conduct, it is not a "legal action" subject to dismissal under the TCPA. *Id.* (reversing opinion of this Court holding that motion for monetary sanctions qualifies as "legal action" under TCPA). Accordingly, we affirm the trial court's order denying Lorenzo's TCPA motion.

4

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Theofanis and Ellis

Affirmed

Filed:   January 28, 2026