Opinion by Justice Schenck
This is an interlocutory appeal of the trial court's denial of appellant Dow Jones & Company, Inc.'s motion to dismiss appellee Highland Capital Management, L.P.'s subpoena under the Texas Citizens Participation Act (TCPA), an anti-SLAPP statute. See TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001 -.011. In its first five issues,[1] Dow Jones asserts the trial court erred in denying its motion to dismiss arguing: the TCPA applies to Highland Capital's "Discovery Action"; it has standing to seek dismissal under the TCPA; Highland Capital's Discovery Action implicates cognizable free speech rights under the TCPA; and Highland Capital failed to satisfy its burden of establishing a prima facie case to support its Discovery Action. In its sixth issue, Dow Jones urges the trial court erred in failing to award Dow Jones its costs and attorney's fees. We affirm the trial court's order denying Dow Jones's motion.
BACKGROUND
In April 2012, Highland Capital sued Patrick Daugherty, a former manager of its Crusader Fund, for alleged breach of contract, breach of fiduciary duties, theft, tortious interference with business relations, and defamation. A jury found Daugherty breached his contract and fiduciary duty by using or disclosing Highland Capital's confidential information. The final judgment, dated July 14, 2014, included a permanent injunction prohibiting Daugherty from disclosing Highland Capital's "confidential, proprietary, and/or privileged information."
In August 2016, Highland Capital learned Dow Jones, the publisher of the Wall Street Journal (WSJ), was investigating investors' allegations concerning the liquidations of Highland Capital's Crusader and Credit Strategies Funds. Suspecting Daugherty might be a source of information provided to Dow Jones, Highland Capital sought discovery from Daugherty regarding his communications with WSJ reporters. That discovery revealed Daugherty communicated by cell phone with a WSJ reporter several times in July and August of 2016, during which time the reporter was working on a Highland Capital *854 article. Daugherty acknowledged having telephone conversations with WSJ reporters but claimed he did not disclose any of Highland Capital's "confidential, proprietary, and/or privileged information" during the course of his conversations. He asserted his discussions focused on a fund he worked on separate and apart from Highland Capital and on risk-retention strategies related to that fund.
On October 24, 2016, the WSJ published an article covering various lawsuits against Highland Capital. The lawsuits alleged Highland Capital had enriched itself by improperly selling the assets of the Credit Strategies Fund and by secretly taking a $30 million fee out of the Crusade Fund. The article reported that Highland Capital denied the allegations and insisted that all of its actions were taken in good faith and to help maximize investor returns. Highland Capital contends the October article contains information about Highland Capital that is known by only a few persons, one of whom is Daugherty.
Highland Capital then sought discovery from Dow Jones regarding the sources for the October WSJ article. The trial court entered an order permitting Highland Capital to seek a deposition on written questions from non-parties Dow Jones, the WSJ, and the WSJ reporter, concerning Daugherty's communications with Dow Jones during and around July and August 2016. Highland Capital then served a subpoena on Dow Jones's registered agent for service in Texas. The subpoena commands "The Wall Street Journal" to answer a single written question. That question, in relevant part is:
[W]as Highland ever mentioned during any oral or written communication between The Wall Street Journal and Patrick Daugherty during the period between and including April 1, 2016 to October 25, 2016?
Dow Jones moved to dismiss the subpoena under the TCPA and sought a protective order and to quash the subpoena, claiming Highland Capital subpoenaed the wrong entity under the wrong state's law.[2] The trial court denied Dow Jones's motion to dismiss and did not rule on appellant's motion to quash.[3] This interlocutory appeal followed.
APPLICABLE LAW AND STANDARD OF REVIEW
The threshold issue presented here is whether the subpoena is a "legal action" subject to the TCPA. This is an issue of first impression.
We resolve whether the TCPA applies to a third-party discovery subpoena by examining the TCPA's language, which we construe de novo. ExxonMobil Pipeline Co. v. Coleman , 512 S.W.3d 895, 899 (Tex. 2017). This Court must enforce the statute "as written" and "refrain from rewriting text that lawmakers chose." Entergy Gulf States, Inc. v. Summers , 282 S.W.3d 433, 443 (Tex. 2009). We must also limit our analysis to the words of the statute and apply the plain meaning of those words "unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." Molinet v. Kimbrell , 356 S.W.3d 407, 411 (Tex. 2011). While we consider the specific statutory language at issue, we must also look to "the statute as a whole" and "endeavor to read the statute contextually, *855 giving effect to every word, clause, and sentence." In re Office of Att'y Gen. , 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding).
The Legislature enacted the TCPA in 2011 "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." CIV. PRAC. & REM. § 27.002 ; In re Lipsky , 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). The TCPA's main feature is a motion procedure that enables a party to seek the expeditious dismissal of frivolous claims and to recover attorney's fees and sanctions. CIV. PRAC. & REM. § 27.003 ; Watson v. Hardman , 497 S.W.3d 601, 605 (Tex. App.-Dallas 2016, no pet.). Under the procedure:
• The movant bears the initial burden to show by a preponderance of the evidence that the legal action "is based on, relates to, or is in response to" the movant's exercise of the right of free speech, petition, or association. CIV. PRAC. & REM. § 27.005(b).
• If the movant carries its initial burden, the nonmovant must establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Id. § 27.005(c). If the nonmovant fails to carry this burden, the trial court shall dismiss the legal action. Id. § 27.005(b) - (c).
• Even if the nonmovant carries its burden, the trial court shall dismiss the legal action if the movant establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. Id. § 27.005(d).
If the trial court dismisses a legal action, it "shall award" the movant court costs, reasonable attorney's fees, other expenses, and sanctions. Id. § 27.009(a). The TCPA's motion procedure is typically applied in defense of a lawsuit, although a few courts have applied it in cases involving Rule 202 petitions and motions for sanctions. See, e.g. , DeAngelis v. Protective Parents Coalition , No. 02-16-00216-CV, 556 S.W.3d 836, 849, 2018 WL 3673308, at *8 (Tex. App.-Fort Worth Aug. 2, 2018, no pet.) ; In re Estate of Check , 438 S.W.3d 829, 836 (Tex. App.-San Antonio 2014, no pet.) ; In re Elliott , 504 S.W.3d 455, 465 (Tex. App.-Austin 2016, orig. proceeding).
DISCUSSION
In seeking a dismissal under the TCPA, Dow Jones bore the initial burden of showing Highland Capital filed a "legal action" that is based on, relates to, or is in response to a party's[4] exercise of the right of free speech, right to petition, or right of association. CIV. PRAC. & REM. § 27.003(a). Significantly, the term "legal action" has been defined for us in the TCPA as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." Id. § 27.001(6) (emphasis added).
In support of the argument that its motion to dismiss invokes the TCPA, Dow Jones asserts that Highland Capital's subpoena, standing alone, or in conjunction with its supplements to its show cause filing requesting permission to obtain post-judgment discovery from the WSJ, is a "legal action" subject to the TCPA's motion to dismiss practice. Dow Jones does not contend that the subpoena and the *856 relied-on filings are a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim. Rather, it contends the subpoena and the show cause supplements are filings that request legal or equitable relief and are the equivalent to a Rule 202 Petition, and it urges this Court to apply the Fort Worth and Austin courts of appeals' reasoning in DeAngelis and In re Elliott in this case. DeAngelis , 556 S.W.3d 836 ; Elliott, 504 S.W.3d 455. For the reasons set forth herein, we decline to do so.
Elliott and DeAngelis were Texas Rule of Civil Procedure Rule 202 cases. Rule 202 functions as a precursor and potential gateway to plenary merits litigation by allowing a prospective party to pursue discovery in aid of an as yet unfiled claim. See In re Emergency Consultants, Inc. , 292 S.W.3d 78, 79 (Tex. App.-Houston [14th Dist.] 2007, orig. proceeding). It is perhaps for that reason that the Rule 202 proceeding is instituted by filing a "petition" in a proper trial court. TEX. R. CIV. P. 202. Because Rule 202 is invoked by a "petition," the Austin and Fort Worth courts of appeals found such petitions to fit within the covered filings under the plain language of the TCPA's definition of a legal action in section 27.001(b). Elliott , 504 S.W.3d at 465 ; DeAngelis , 556 S.W.3d at 849, 2018 WL 3673308, at *8.
Here, we are not presented with a Rule 202 case seeking to preserve testimony or in anticipation of the institution of a suit in which Dow Jones may be a party. Instead, this case involves post-judgment, third-party discovery invoked to determine whether Daugherty, a party, has violated a permanent injunction prohibiting him from disclosing certain information. It does not, therefore, fit within the plain language of the first clause of the definition as a "lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim."
Because subpoenas and other forms of testimonial discovery do not require the filing of a petition, Dow Jones focuses on the broader language in the final clause of the definition of "legal action," that being a filing that requests legal or equitable relief. This has been referred to as the catch-all portion of the definition of "legal action." See Paulsen v. Yarrell , 537 S.W.3d 224, 233 (Tex. App.-Houston [1st Dist.] 2017, pet. denied) (explaining the provision that "any other judicial pleading or filing that requests legal or equitable relief" is a "legal action" is a "catch-all" provision).
We note that a subpoena is not a "filing." See TEX. R. CIV. P. 176. It is an issuance, and proof of service is what is filed. Id. 176.1, .4, .5(b). Dow Jones apparently recognizes this limitation, and, therefore, also relies on Highland Capital having filed supplements to its show cause motion directed at Daugherty by which it sought leave to take discovery to determine whether he had violated the permanent injunction to argue Highland Capital's subpoena and documents requesting discovery are filings requesting legal or equitable relief. Assuming, without deciding, the show cause supplements are "filings" within the TCPA's definition of "legal actions," we must determine whether seeking discovery constitutes requesting "relief, legal or equitable."
We start with the dictionary definition of "relief" to ascertain whether seeking discovery from third parties is a filing that requests relief. See Jaster v. Comet II Constr., Inc. , 438 S.W.3d 556, 563 (Tex. 2014) (to determine a word's common, ordinary meaning, we look to a wide variety of sources, including dictionary definitions, treatises and commentaries, the appellate courts' prior constructions of the word in other contexts, the use and definitions of the word in other statutes and ordinances, and the use of the words in the rules of *857 evidence and procedure). Relief is the "[d]eliverance from, [sic] wrong, or injustice." Relief , BLACK'S LAW DICTIONARY (5th ed. 1983). In this sense, granting relief changes the relationship between the parties, and the court is required to enforce the relief granted. Allowing third-party discovery does not change the relationship between the parties and is not relief as used in this context.
Additionally, the reference to legal or equitable relief in conjunction with any other pleading or filing denotes the traditional law-equity distinction that lives on in what are termed the "legal" versus "equitable" remedies obtainable when liability under some substantive right of recovery is proven , i.e., the "legal" remedy of money damages versus the equitable relief of injunctions, specific performance, and the like. State ex rel. Best v. Harper , No. 16-0647, --- S.W.3d ----, ----, 2018 WL 3207125, at *4 (Tex. June 29, 2018) ; 1 DAN B. DOBBS , LAW OF REMEDIES § 1.2 (2d ed. 1993) ("The damages remedy was historically a legal remedy. The injunction and most other coercive remedies were equitable."). A third-party discovery subpoena does not seek legal or equitable relief in the traditional sense, and we decline to extend its reach here.
Moreover, an examination of the TCPA as a whole reveals that the Legislature intended a somewhat restricted application of the catch-all definition of legal action. Assuming the movant meets its initial burden of demonstrating the legal action is based on, relates to, or is in response to the movant's exercise of the right of free speech, petition, or association, the party bringing the legal action can avoid its dismissal only if the party establishes by clear and specific evidence a prima facie case for each essential element of the claim in question. CIV. PRAC. & REM. § 27.005(c). In determining whether a legal action should be dismissed under the TCPA, the trial court shall consider pleadings and supporting and opposing affidavits stating the facts on which the liability is based. Id. § 27.006(a). This analysis is incapable of being applied to an alleged "legal action" that consists of a third-party discovery subpoena. Further, a motion to dismiss under the TCPA seeks to test the viability of a substantive claim , with the consequence of quick dismissal of the claim if it fails the testing. Id. § 27.002.
To the extent the catch-all portion of the "legal action" definition can be said to be ambiguous, the doctrine of ejusdem generis instructs that the catch-all definition must be limited to things like the former specific items. Ross v. St. Luke's Episcopal Hosp. , 462 S.W.3d 496, 504 (Tex. 2015). That canon provides that, when "general words follow an enumeration of two or more things, they apply only to things of the same general kind or class specifically mentioned." ANTONIN SCALIA & BRYAN A. GARNER , READING LAW: THE INTERPRETATION OF LEGAL TEXTS 199 (2012); see also Hilco Elec. Co-op., Inc. v. Midlothian Butane Gas Co. , 111 S.W.3d 75, 81 (Tex. 2003) (explaining that when words of a general nature are used in connection with the designation of particular objects or classes of persons or things, the meaning of the general words will be restricted to the particular designation). The catch-all "any other judicial pleading or filing that requests legal or equitable relief" functions primarily as a safeguard against creative re-pleading of what are substantively lawsuits, causes of action, petitions, complaints, counterclaims, or cross-claims so as to avoid the TCPA's dismissal mechanisms. See Elliott , 504 S.W.3d at 477 (Pemberton, J., concurring).
The enumeration of "lawsuit," "cause of action," "petition," "complaint," "cross-claim," and "counterclaim," in the *858 definition of "legal action" is best characterized by the observation that each element of this class is a procedural vehicle for the vindication of a legal claim , in a sense that is not true for a third-party discovery subpoena. See Paulsen , 537 S.W.3d at 233. In the broad context, subpoenas and depositions are not legal remedies. Tetra Tech, Inc. v. NSAA Invs. Grp., LLC , No. 02-15-00297-CV, 2016 WL 3364876, at *3 (Tex. App.-Fort Worth June 16, 2016, no pet.) (mem. op.). Rather, they are simply discovery tools used to support an assertion of the right to a legal remedy. Id. Were we to conclude the TCPA applies to third-party discovery, the proliferation of motions to dismiss attacking discovery requests, as opposed to the underlying lawsuit and substantive claims that are the TCPA's core focus, would result in application of the TCPA that strays from-and, indeed, undermines through cost and delay-its manifest purpose to secure quick and inexpensive dismissal of meritless "legal actions" that threaten expressive freedoms. See Paulsen , 537 S.W.3d at 233 (citing Elliott , 504 S.W.3d at 480 (Pemberton, J., concurring) ). The TCPA was designed to reduce meritless litigation, not multiply it. To construe the TCPA to allow a free standing dismissal procedure with its attendant stay, appeal, and an award of attorney's fees every time discovery implicates or touches on the speech of a non-party, would cause the judicial system to grind to a halt and run counter to the TCPA's stated purpose, and promote a potentially absurd result.[5] See Molinet , 356 S.W.3d at 411.
Accordingly, we conclude the TCPA does not apply to third-party discovery subpoenas. We overrule Dow Jones's second issue concerning the application of the TCPA under the circumstances presented here, and we need not decide whether the parties met their respective TCPA evidentiary burdens or address the statutory standing and attorney's fees and costs issues. TEX. R. APP. P. 47.1.
CONCLUSION
We affirm the trial court's order denying Dow Jones's motion to dismiss under the TCPA. We lift the stay issued by this Court on July 28, 2018.

In its first issue, Dow Jones urges the trial court erred in denying its motion to dismiss. In its second through fifth issues, Dow Jones presents arguments as to why it believes the trial court erred in denying its motion.

Dow Jones is a New York corporation.

On July 28, 2018, this Court issued an order staying all trial court proceedings related to Highland Capital's efforts to obtain discovery from Dow Jones. Consequently, the trial court has not ruled on Dow Jones's motion to quash the subpoena and that motion remains pending in the trial court.

Because of our disposition of this appeal, we need not decide the separate question of who is a "party" entitled to invoke the TCPA dismissal procedure.

We note that in 2009 the Legislature enacted a statute providing journalists with a qualified privilege from discovery to address their disclosure concerns. See Tex. Civ. Prac. & Rem. Code Ann. § 22.023.