**Affirmed and Opinion Filed April 7, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00481-CV

### DAVID BARNES, Appellant
### V.
### KATHERINE KINSER, JONATHAN BATES, AND KINSER & BATES, LLP, Appellees

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-01550-F**

## OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

This is an interlocutory appeal from an order denying a motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA).[1] The issue presented is whether a counterclaim for sanctions under Chapter 10 of the civil practice and

---

[1] TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. The 2019 amendments to the TCPA do not apply to this lawsuit, which was filed before the effective date of the amendments. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12, 2019 Tex. Gen. Laws 684, 687 (amendments to TCPA apply "only to an action filed on or after" September 1, 2019). All references to the statute in this opinion are to the version in effect prior to the amendments.

remedies code and Texas Rule of Civil Procedure 13 is a legal action as defined by the TCPA. We conclude that it is not and affirm the trial court's order.

## Background

David Barnes and Jennifer Barnes were divorced in 2012. Katherine Kinser, Jonathan Bates, and Kinser & Bates, LLP (collectively Kinser) represented Jennifer in the negotiation of a 2006 marital property agreement (MPA) with Barnes and in the later divorce proceeding. Jennifer disputed the validity of the MPA in the divorce case. However, the trial court found it valid and rendered a divorce decree in accordance with the MPA.

Almost two years after the divorce, Jennifer sued Kinser for legal malpractice. Her claims related to negotiation of the MPA in 2006 and to representation in the divorce proceedings. Kinser moved to compel arbitration of the divorce-related claims under a written arbitration agreement. The trial court compelled arbitration of those claims while the claims relating to the MPA remained pending. The arbitration resulted in a net award to Jennifer against Kinser. A portion of the award represents the disgorgement of fees paid to Kinser for litigation over the MPA in the divorce proceeding. The trial court confirmed the arbitration award, resulting in an interlocutory judgment for Jennifer against Kinser.

In February 2018, Jennifer's pending claims regarding negotiation of the MPA were severed from the claims adjudicated in the judgment confirming the

arbitration award, making that judgment final. Jennifer's claims regarding the MPA remained pending in the trial court.

On July 5, 2018, David Barnes filed a new lawsuit against Kinser for money had and received based on the theory that the fees ordered disgorged in the arbitration award had been paid with community funds and he was therefore entitled to half of the disgorged fees. This lawsuit was later consolidated with Jennifer's pending malpractice claims regarding the negotiation of the MPA.

On February 15, 2019, Kinser filed a counterclaim against Barnes for sanctions under Chapter 10 of the civil practice and remedies code and Rule 13 of the rules of civil procedure. TEX. CIV. PRAC. & REM. CODE §§ 10.001–.006; TEX. R. CIV. P. 13. Kinser alleged Barnes's petition was groundless, had no basis in law or fact, and had no evidentiary support. Kinser requested an award of her attorney's fees and costs in defending against the suit. Kinser later amended the counterclaim to add an allegation that the suit was filed for purposes of harassment.

Barnes filed a TCPA motion to dismiss arguing that the counterclaim was a legal action filed in response to his exercise of the right to petition. Kinser responded that the counterclaim was supported by clear and convincing evidence of all the elements of a claim for sanctions under Chapter 10 and Rule 13. Kinser also argued that the TCPA may not apply because the counterclaim is not a legal action as defined by the statute.

On April 4, 2019, the trial court signed an order denying the motion to dismiss. Barnes then perfected this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12).

**Standard of Review**

The TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). That protection comes in the form of a motion to dismiss for "any suit that appears to stifle the defendant's" exercise of those rights. *Id.* Reviewing a TCPA motion to dismiss requires a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). Initially the moving party must show by a preponderance of the evidence that the legal action against it is based on, relates to, or is in response to the movant's exercise of the right of free speech, petition, or association. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). If the movant meets its burden, the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim. *See id.* § 27.005(c). If the nonmoving party satisfies that requirement, the burden shifts back to the movant to prove each essential element of any valid defenses by a preponderance of the evidence. *Id.* § 27.005(d). If the movant meets its burden in this third step, the trial court must dismiss the action. *See id.*

We review de novo the trial court's determinations that the parties met or failed to meet their burdens of proof under section 27.005. *Campbell v. Clark*, 471

–4–

S.W.3d 615, 623 (Tex. App.—Dallas 2015, no pet.). We also review de novo questions of statutory construction. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam).

**Discussion**

The TCPA defines a "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." TEX. CIV. PRAC. & REM. CODE § 27.001(6). Barnes contends that "[a]s a counterclaim, [Kinser's] pleading falls within the express statutory language of the TCPA's definition of legal action."

While the definition of "legal action" is expansive, this and other courts have recognized that the definition of "legal action," viewed in light of the purpose of the TCPA, must be given a "somewhat restrictive application." *Misko v. Johns*, 575 S.W.3d 872, 876 (Tex. App.—Dallas 2019, pet. denied) (quoting *Dow Jones & Co., Inc. v. Highland Capital Mgmt., L.P.*, 564 S.W.3d 852, 857 (Tex. App.—Dallas 2018, pet. denied)); *see also Paulsen v. Yarrell*, 537 S.W.3d 224, 233 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (holding TCPA dismissal motion is not itself a TCPA "legal action" subject to a cross TCPA motion). Read in context, the TCPA's definition of "legal action" refers to a procedural vehicle for vindication of a legal claim. *Misko*, 575 S.W.3d at 876; *Dow Jones*, 564 S.W.3d at 857–58; *Paulsen*, 537 S.W.3d at 233.

Sanctions, on the other hand, serve the purpose of securing compliance with the rules of civil procedure, punishing violators, and deterring similar misconduct by others. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 363 (Tex. 2014). They may also serve the purpose of remedying the prejudice caused the innocent party. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). Both Chapter 10 and Rule 13 allow sanctions for abuses of the pleading process. *See Nath*, 446 S.W.3d at 362. Chapter 10 allows sanctions for pleadings filed with an improper purpose or that lack legal or factual support. *Id*. Rule 13 allows sanctions for pleadings that are groundless and brought in bad faith, intended to harass, or false when made. *Id*.

Sanctions may not be imposed based on the legal merit of a pleading or motion. *Cherry Petersen Landry Albert LLP v. Cruz*, 443 S.W.3d 441, 453 (Tex. App.—Dallas 2014, pet. denied). Rather, the focus of a sanctions inquiry is the conduct of the party or lawyer at the time the pleading was filed. *Id*. The question is whether, using an objective standard, the party and its counsel made a reasonable inquiry into the legal and factual basis of the claim before filing it. *Id*. Thus, we cannot equate a request for sanctions under Chapter 10 or Rule 13, whether filed as a counterclaim or a motion, with a "procedural vehicle for the vindication of a legal claim." *Dow Jones*, 564 S.W.3d at 858.

Further, construing any counterclaim or motion seeking relief as a legal action under the TCPA definition would defeat the underlying purpose of the statute. In

*Misko*, we held that a motion for discovery sanctions was not a legal action under the TCPA. *Misko*, 575 S.W.3d at 878. In *Dow Jones*, we concluded that a subpoena seeking discovery from a third party was not a legal action under the TCPA. *Dow Jones*, 564 S.W.3d at 858. While the broad language of the definition of legal action could arguably include both of those proceedings, such an expansive reading would defeat the purpose of the TCPA to secure quick and inexpensive dismissal of meritless "legal actions" that threaten expressive freedoms. *Misko*, 575 S.W.3d at 876; *Dow Jones*, 564 S.W.3d at 858 ("The TCPA was designed to reduce meritless litigation, not multiply it."); *see also Paulsen*, 537 S.W.3d at 233–34 (observing that if "legal action" were so expansive, it would invite "'piecemeal or seriatim 'motions to dismiss' attacking myriad 'legal actions' that consist merely of individual filings within or related to a lawsuit, as opposed to the underlying lawsuit and substantive claims that are the Act's core focus' [and] would result in application of the TCPA that 'strays from—and, indeed, undermines through cost and delay—its manifest purpose to secure quick and inexpensive dismissal of meritless 'legal actions' that threaten expressive freedom.'" (quoting *In re Elliott*, 504 S.W.3d 455, 480 (Tex. App.—Austin 2016, orig. proceeding) (Pemberton, J., concurring)).

Barnes relies on the majority opinion in *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220 (Tex. App.—Austin 2018, no pet.), to support his argument that the

counterclaim for sanctions is a legal action subject to the TCPA.[2] In that case, the defendant filed a counterclaim for sanctions under Chapter 9 of the civil practice and remedies code alleging the plaintiff's amended petition was frivolous. *Id*. at 223. The plaintiff filed a TCPA motion to dismiss the counterclaim arguing it was based on and filed in response to the plaintiff's exercise of the right to petition. *Id*. at 224. The trial court denied the motion. On appeal, the majority concluded that the defendant's pleading, construed as either a counterclaim or a motion for sanctions, was a legal action as defined by the TCPA. *Id*. at 226. The dissent reasoned that the defendant's sanctions request was not a legal action subject to the TCPA "because the TCPA's definition of 'legal action,' read carefully and in context, refers to a 'legal action' in the sense of a procedural vehicle for the vindication of some substantive cause of action or right of relief." *Id*. at 234 (Pemberton, J., dissenting). The dissent concluded that the request for sanctions, "like the TCPA motion in *Paulsen*, does not 'request[ ] legal or equitable relief' in this more limited, technical sense, and is not a 'legal action.'" *Id.*

Barnes argues we rejected the reasoning of the dissent in *Misko*. We disagree. In *Misko*, we merely assumed *Hawxhurst* was decided correctly, then distinguished

---

[2] At oral argument, Barnes cited *Riggs & Ray, P.C. v. State Fair of Tex.,* No. 05-17-00973-CV, 2019 WL 4200009 (Tex. App.—Dallas Sept. 5, 2019, pet. filed) (mem. op.) in support of his argument. However, we were not called on in that case to consider whether the declaratory judgment action was a legal action as defined by the TCPA because no one disputed that it was. *Id*. at *3 n.7 ("The parties do not dispute that R & R's lawsuit is a 'legal action' under the TCPA.").

it. *Misko*, 575 S.W.3d at 878 & n.5. We did state that the Chapter 9 counterclaim for sanctions "attacked the plaintiff's substantive claims." *Id*. However, we were not faced with a request for sanctions under Chapters 9 or 10 or Rule 13 and the statement was not material to our holding. Faced with such a request in this case, we can no longer assume *Hawxhurst* was decided correctly. Our analysis in *Misko* and *Dow Jones* applies to the sanctions request in this case and establishes that the request does not seek vindication of a substantive legal right arising outside the litigation context. Seeking sanctions for misconduct in litigation, including the filing of an allegedly frivolous or groundless lawsuit, is not a legal action under the TCPA. The dissent's reasoning in *Hawxhurst* is consistent with our holding in *Misko* and *Dow Jones*. Accordingly, we respectfully disagree with the majority opinion in *Hawxhurst*.

Moreover, the TCPA does not abrogate or lessen any other defense, remedy, immunity or privilege available under other law. TEX. CIV. PRAC. & REM. CODE § 27.011(a). In *Misko* we recognized that "[t]he specter of being required to engage in litigation under the TCPA, including the automatic stay of all proceedings when a motion to dismiss under the TCPA is filed and the possibility of an interlocutory appeal if the motion to dismiss is denied, would at least 'lessen' the remedies available to a party to address discovery abuse during the course of litigation." *Misko*, 575 S.W.3d at 878 n.4. The same reasoning applies to requests for sanctions for abuse of the pleading process.

The request for sanctions here, like the similar request in *Misko*, is not a request for legal or equitable relief and not a legal action as defined by the TCPA. We overrule Barnes's first issue. We need not address the remaining issues. TEX. R. APP. P. 47.1.

## Conclusion

Barnes failed to establish that Kinser's counterclaim for sanctions under Chapter 10 and Rule 13 is a legal action as defined by the TCPA. We affirm the trial court's order denying the motion to dismiss.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

190481F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAVID BARNES, Appellant

No. 05-19-00481-CV     V.

KATHERINE KINSER,
JONATHAN BATES, AND
KINSER & BATES, LLP, Appellees

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-01550-F.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the trial court's April 4, 2019 order denying the motion to dismiss is **AFFIRMED**.

It is **ORDERED** that appellees Katherine Kinser, Jonathan Bates, and Kinser & Bates, LLP recover their costs of this appeal from appellant David Barnes.

Judgment entered this 7th day of April, 2020.