**AFFIRMED and Opinion Filed March 15, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-21-00657-CV**
_____

**FELIX SORKIN, INDIVIDUALLY, GENERAL TECHNOLOGIES, INC., AND PRECISION-HAYES INTERNATIONAL, INC., Appellants**

**V.**

**P.T. ATLAS MANUFACTURING, L.L.C., Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-17416**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Reichek

Felix Sorkin, General Technologies, Inc. ("GTI"), and Precision-Hayes International, Inc. ("PHI") appeal the denial by operation of law of their motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. The dispositive issue here is whether this lawsuit, filed by P.T. Atlas Manufacturing, L.L.C. and predicated on allegations of discovery misconduct by appellants in a separate lawsuit, is based on or in response to appellants' exercise of the right to petition. For reasons set out below, we conclude it is not and, therefore, affirm the denial of appellants' motion.

**BACKGROUND**

The facts are taken from the pleadings and evidence. Sorkin is the owner of a holding company that owns both GTI and PHI; the parties all are, or have been, in the concrete reinforcement industry. P.T. Atlas is a competitor of appellants in that industry.

In September 2019, PHI sued Thomas Mathews, its former vice president of sales and marketing and director of business development, product management, and engineering, in state district court in Harris County (the "Harris County Lawsuit") to enforce post-employment restrictive covenants. Mathews had worked for PHI for fourteen years and, during that time had access to and was involved in the development of PHI's trade secrets, proprietary information, and confidential information. In the Harris County Lawsuit, PHI sought declarations regarding the scope of Mathews's contractual, common law, and statutory duties and, in particular, wanted a declaration that Mathews could not work or contract with any entity that would result in a breach of his duties. At some point after the Harris County Lawsuit was filed, Mathews became an employee of P.T. Atlas and the lawsuit was amended to allege that Mathews used PHI's information to "ramp up" P.T. Atlas as a competitor.

In response to the Harris County Lawsuit, Mathews filed a plea to the jurisdiction, which the trial court heard in January 2020 but did not deny until

October 2020, and appellants assert that Mathews "stymied" discovery during the pendency of the motion and afterwards.

Meanwhile, in April 2020, appellants sued P.T. Atlas in federal district court in Dallas, alleging claims of patent infringement (the "Federal Lawsuit"). Sorkin and PHI owned patents, which they licensed to GTI. They alleged that P.T. Atlas was infringing on those patents. In the course of the Federal Lawsuit, appellants sought discovery of P.T. Atlas's confidential business contacts, which P.T. Atlas produced under an agreed protective order and confidentiality agreement. The produced documents identified P.T. Atlas's customers, suppliers, and vendors of its products. After the information was disclosed, the parties reached a settlement agreement, and the Federal Lawsuit was dismissed in October, six months after it was filed.

Shortly after dismissal of the Federal Lawsuit, in November 2020, PHI began sending discovery requests in the Harris County Lawsuit to P.T. Atlas's customers and one of its vendors. At the time, P.T. Atlas was not a party to the Harris County lawsuit. Four days later, P.T. Atlas brought this lawsuit against appellants in district court in Dallas County, alleging several claims predicated on allegations of

3

discovery abuse to harass and intimidate P.T. Atlas's customers and destroy its business.[1]

In particular, P.T. Atlas alleged that appellants used the Federal Lawsuit to obtain confidential information about P.T. Atlas's products and operation and, once the federal case was dismissed, almost immediately "launched a discovery offensive" in the Harris County lawsuit, sending new discovery requests to Mathews and also mounting a "discovery campaign" against P.T Atlas's suppliers, vendors, business contractors, employees, and customers, all of whom are third parties. P.T. Atlas alleged that the "broad and sweeping discovery requests" evidenced appellants' intent to use the Federal Lawsuit to gather information, including obtaining P.T. Atlas's confidential business contacts, to be used in the Harris County lawsuit.

In its petition, P.T. Atlas identified three examples of the alleged discovery misconduct in the Harris County Lawsuit:

> (1) On November 6, 2020, PHI sent a request for production to Mathews (the only defendant in the lawsuit and, by this time, P.T. Atlas's employee) seeking "All Communications with _____." The request then names fifty-nine people and businesses, most of which are P.T. Atlas's customers, employees, suppliers and vendors.

> (2) On November 13, 2020, PHI sent "what purports to be a document request to Builders Post-Tension, Inc., a P.T. Atlas customer, seeking "[a]ll documents relating to or compromising [sic]

---

[1] PHI named P.T. Atlas as a co-defendant in the Harris County Lawsuit three months after P.T. Atlas brought the suit at issue here.

Communications with _____" and listed P.T. Atlas and four of its employees.

(3) PHI sent a request for production to QFC Plastic, Inc., which is a contracting company of P.T. Atlas and has manufactured and built products for sale by P.T. Atlas. PHI requested all communications with P.T Atlas or its employees related to "products manufactured by or for Atlas and products sold by Atlas."

P.T. Atlas alleged that in addition to the examples provided, appellants have sent similar requests and threats of subpoenas to many more of its customers, vendors, employees, and contractors, seeking confidential information about its sales, product manufacturing, and business operations. The petition alleges the discovery is "a clear fishing expedition designed to harass, bully and intimidate" with the goal of "scar[ing] customers and vendors" to "stop them from doing business" with P.T. Atlas. P.T. Atlas contends the actions of PHI in the Harris County Lawsuit is part of a conspiracy between all the defendants to inflict damage on P.T. Atlas.

P.T. Atlas alleged claims for breach of contract, misrepresentation and/or negligent misrepresentation, declaratory judgment, tortious interference with existing and/or potential business relations, civil conspiracy, fraud, fraud in the inducement, joint enterprise, aiding and abetting/assisting or encouraging, alter ego, abuse of process, and promissory estoppel.

In response to the suit, appellants filed a motion to transfer venue and original answer, a plea in abatement, and a motion to dismiss under the TCPA. With regards

5

to the latter motion, appellants asserted P.T. Atlas filed the lawsuit in response to a communications made in the Harris County Lawsuit or the Federal Lawsuit; P.T. Atlas could not prove each element of the claims covered by the TCPA; and, if necessary, appellants could show one or more defenses or affirmative defenses bar any recovery by P.T. Atlas on those claims. P.T. Atlas responded to the motion. Both sides supplemented their motion and response and filed evidence.

A hearing on the TCPA motion was conducted over two days. When the trial court did not rule by the 30th day, the motion was denied by operation of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005, 27.008(a). Appellants then brought this interlocutory appeal. *See id*. § 27.008(a).

## ANALYSIS

The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. To effectuate this purpose, the Legislature has provided a two-step procedure to expedite the dismissal of claims brought to intimidate or silence a defendant's exercise of these First Amendment rights. *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam).

Specifically, "[i]f a legal action is based on or in response to a party's exercise of the right of free speech, right of petition, or right of association," the TCPA provides that such party "may file a motion to dismiss the legal action." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. The movant bears the initial burden of demonstrating the legal action is based on or in response to the party's exercise of a protected right, such as the "right to petition," and, thus, the statute applies. *Id*. § at 27.005(b)(1)(B).

In their first issue, appellants argue the denial of their motion to dismiss was error because they "showed their right to petition is being challenged through a number of causes of action in [P.T. Atlas's] underlying petition." They contend that the third-party discovery requests are communications made in a judicial proceeding and therefore the TCPA applies.[2]

Pursuant to the TCPA, the "exercise of the right to petition" means "a communication in or pertaining to," among other things, "a judicial proceeding." *Id*. § 27.001(4)(a)(i). In turn, a "communication" includes the "making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic."

---

[2] Appellants claim that all of P.T. Atlas's claims fall under the TCPA except for the fraud claims, which are statutorily exempt. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(12).

To trigger the TCPA's protection, the "legal action" must be factually predicated on the alleged conduct that falls within the scope of the TCPA's definition of the exercise of the right to petition. *See Riggs & Ray v. State Fair of Tex.*, No. 05-17-00973-CV, 2019 WL 4200009, at *4 (Tex. App.—Dallas Sept. 5, 2019, pet. denied). If this nexus is missing, the statute does not apply. *Id*. Further, we consider the pleadings and any supporting and opposing affidavits in the light most favorable to the nonmovant, favoring the conclusion that the nonmovant's claims are not predicated on protected expression. *Id*.

In this case, the focus of P.T. Atlas's petition is appellants' conduct in engaging in allegedly abusive discovery practice and how that conduct is impacting P.T. Atlas's business and business associations. This Court has examined allegations of discovery abuse in the context of the TCPA previously, albeit in a different procedural posture. *See Misko v. Johns*, 575 S.W.3d 872, 874 (Tex. App.—Dallas 2019, pet. denied).

In *Misko*, the defendant/counterclaimant, Karen Misko, argued the trial court erred by denying her TCPA motion to dismiss a motion for sanctions filed by Tracy Johns based on Misko's alleged discovery misconduct during the course of the litigation. *Id*. Johns alleged that Misko had induced a fact witness to sign a false affidavit and then used that affidavit to defeat Johns' motion to dismiss; fraudulently designated two individuals as expert witnesses; and "duped" the trial court into

8

making rulings based on the assumption the designated individuals had relevant records. *Id*. at 875. The sanctions motion sought to dismiss all of Misko's counterclaims. In response, Misko filed a motion to dismiss under the TCPA, arguing the sanctions motion was filed in response to her exercise of her right to petition. The trial court denied Misko's motion, and she appealed.

On appeal, we focused on the meaning of "legal action" to resolve the case. We concluded the TCPA's definition of the term did not encompass a motion for sanctions based solely on Misko's alleged discovery misconduct during the course of the litigation. *Id*. at 877. In doing so, we relied on the rationale of *Dow Jones & Co. v. Highland Capital Mgmt., LP.,* 564 S.W.3d 852, 854 (Tex. App.—Dallas 2018, pet. history), where we concluded that a subpoena seeking discovery from a third party is not a legal action under the TCPA. *See id.* In *Dow Jones*, we reasoned "the proliferation of motions to dismiss attacking discovery requests, as opposed to the underlying lawsuits and substantive claims that are the TCPA's core focus, would result in an application of the TCPA that strays from . . . its manifest purpose to secure quick and inexpensive dismissals of meritless 'legal actions' that threaten expressive freedoms." *Dow Jones & Co.*, 564 S.W.3d at 858. Applying that reasoning in *Misko*, we determined that the Legislature had not intended that a motion based on conduct within litigation that is ancillary to the substantive claims

9

in the case should fall within the statute's "catch-all provision" of "other judicial proceeding or filing." *Misko*, 575 S.W.3d at 877.

Moreover, we also considered the result if we concluded that the motion for sanctions was a legal action. We explained that Misko, as the party seeking dismissal, would still need to show that the sanctions motion was "based on, related to, or in response to" Misko's "exercise of a right protected by statute." *Misko*, 575 S.W.3d 878 n.5. The motion for sanctions was based on alleged discovery abuse by Misko during the litigation, and, as we said, "[d]iscovery abuse is not a right protected by the TCPA." *Id*. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a) (legal action must be based on party's exercise of right of free speech, right to petition, or right of association)). We have since relied on that statement in *Riggs & Ray*, where we concluded that the plaintiff's claims were not factually predicated on a previous declaratory judgment action filed by the defendant and thus the TCPA did not apply. *Riggs & Ray*, 2019 WL 4200009, at *4.

The matter before us is in a procedurally different posture than *Misko* in that P.T. Atlas did not bring his complaints predicated on discovery abuse in the Harris County Lawsuit where the discovery was being conducted. P.T. Atlas was not a party to that litigation when the alleged discovery abuse occurred and thus it filed this separate lawsuit to challenge appellants' conduct in directing third-party discovery to P.T. Atlas's business associates to gain information on P.T. Atlas. Had

10

P.T. Atlas instead filed a petition in intervention in the Harris County Lawsuit to challenge the alleged discovery abuse, our *Misko* opinion would support the denial of a TCPA motion to dismiss and would be consistent with the rationale in both *Misko* and *Dow Jones*. Likewise, here, while the reason for this lawsuit—abusive discovery— arose in the context of the Harris County Lawsuit, this suit itself does not attack any of the substantive claims in the Harris County Lawsuit nor is the suit based on, or in response to, any of the substantive allegations in that suit. In sum, we follow our previous determination that discovery abuse is not a right protected by the TCPA and conclude this outcome is not dependent upon the procedural vehicle through which the alleged abuse is challenged.

In three sentences, appellants also assert that the settlement agreement in the Federal Lawsuit is a communication within the ambit of the TCPA and that P.T. Atlas's claims are based on "communications among Sorkin, GTI, and PHI and their attorneys" in the Federal Lawsuit. But appellants do not identify any particular communication between appellants and their attorneys, and as P.T. Atlas asserts in its brief, its pleadings make no claim based on attorney/client communications. We overrule the first issue. Because we conclude that P.T. Atlas's lawsuit does not fall within the ambit of the TCPA, we need not address appellants' second and third issues.

We affirm the denial of the motion to dismiss.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210657F.P05

12



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FELIX SORKIN, INDIVIDUALLY, GENERAL TECHNOLOGIES, INC., AND PRECISION-HAYES INTERNATIONAL, INC., Appellants

No. 05-21-00657-CV     V.

P.T. ATLAS MANUFACTURING, L.L.C., Appellee

On Appeal from the 298th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-17416. Opinion delivered by Justice Reichek; Justices Partida-Kipness and Goldstein participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the denial by operation of law appellants' TCPA motion to dismiss.

It is **ORDERED** that appellee P.T. ATLAS MANUFACTURING, L.L.C. recover its costs of this appeal from appellants FELIX SORKIN, INDIVIDUALLY, GENERAL TECHNOLOGIES, INC., AND PRECISION-HAYES INTERNATIONAL, INC.

Judgment entered this 15th day of March 2022.

13