

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

————————————————

No. 02-21-00410-CV

————————————————

ROBERT R. COLE, JR., INDIVIDUALLY, AND AS ASSIGNEE OF THE ESTATE
OF JUDGE ROBERT R. COLE, DECEASED, Appellant

V.

CAROL LYNN WOLFRAM, SUCCESSOR GUARDIAN AD LITEM AND
ATTORNEY AD LITEM, Appellee

On Appeal from Probate Court
Denton County, Texas
Trial Court No. PR-2014-00027-01

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Opinion by Chief Justice Sudderth

## OPINION

On January 4, 2016, Robert R. Cole, Jr. (Cole) filed suit against Jeffrey Lynn Kelley, Individually and as Executor of the Estate of Karen Louise Cole, and Vance E. Hendrix, asserting various causes of action.[1] Several years into the lawsuit, the trial court determined that Linda Kay Cole was a necessary party in the proceeding and in need of a guardian and attorney ad litem, and the court appointed Carol L. Wolfram to serve in a "dual role" as both guardian ad litem and attorney ad litem for Linda. Shortly thereafter, Wolfram filed a motion pursuant to Texas Estates Code § 53.052 seeking an order that would require Cole to provide security for costs in the case. Tex. Est. Code Ann. § 53.052(b) (allowing anyone interested in an estate to seek an order requiring a party to provide security for the probable costs of his "application, complaint, or opposition" relating to an estate). Wolfram also requested that if Cole failed to provide security for costs as ordered that his lawsuit would be dismissed pursuant to Texas Rule of Civil Procedure 143. Tex. R. Civ. P. 143 (providing for

---

[1]Cole originally asserted numerous complaints, including legal malpractice, breach of fiduciary duty, negligent misrepresentation, unjust enrichment, and conversion. He also complained of "fraudulent conveyance" and "denial of heirs," asserted that "decedent Karen Louise Cole's will is invalid," and sought an "investigation of wrongful death" and "individual liability; and other causes of action." By September 30, 2021, in his Sixth Amended Original Petition, Cole had narrowed his causes of action to breach of fiduciary duty, restitution, a request that Karen's will be declared void, constructive trust, unjust enrichment, quantum meruit, and money had and received. He also sought recovery of various types of damages, including punitive damages.

dismissal of claim for affirmative relief for failure to comply with an order to give security for costs).

In response, Cole filed a motion to dismiss Wolfram's motion under Chapter 27 of the Texas Civil Practice and Remedies Code (the Texas Citizens Participation Act "TCPA"), asserting that Wolfram's motion for security for costs was a retaliatory legal action that sought to intimidate or silence him on a matter of public concern. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003. He appeals the trial court's denial of his motion to dismiss. Because we hold that Wolfram's motion for security for costs is not a "legal action" within the meaning of the TCPA, we affirm.

## I. Texas Citizens Participation Act

The TCPA protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them, i.e., "Strategic Lawsuit[s] Against Public Participation," commonly known as SLAPP suits, by providing a mechanism for summary disposition of such suits. *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding); *Beving v. Beadles*, 563 S.W.3d 399, 401 n.1 (Tex. App.—Fort Worth 2018, pet. denied). The statute's purpose is not to dismiss meritorious lawsuits but only to identify and summarily dispose of lawsuits designed to chill First Amendment rights. *In re Lipsky*, 460 S.W.3d at 589. But, as we have observed before, the TCPA has its limits—"[it] is not a Swiss army knife, a tool always ready to obtain the early dismissal of every objectionable case or controversy." *Beving*, 563 S.W.3d at 408 n.8.

3

In practice, the TCPA permits a party to seek dismissal of a legal action by challenging its opponent to show prima facie evidence to support its claim. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001(6), .003, .005. The dismissal process involves several steps. In the first step, the movant must show by a preponderance of the evidence that the *legal action* it seeks to have dismissed is based on or in response to the movant's exercise of free speech, right to petition, or right of association.[2] *Id.* § 27.005(b). "Legal action" is statutorily defined as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* § 27.001(6). The phrase "filing that requests legal, declaratory, or equitable relief," is often referred to as a catchall provision that functions as "a safeguard against creative re-pleading of what are substantively lawsuits, causes of action, petitions, complaints, counterclaims, or cross-claims so as to avoid the TCPA's dismissal mechanisms." *Dow Jones & Co. v. Highland Cap. Mgmt., L.P.*, 564 S.W.3d 852, 857 (Tex. App.—Dallas 2018, pet. denied). And, as the statute clarifies, the term "legal action" does not include "a procedural action taken or motion made in an action that does not amend or add a claim for

---

[2]Only if the movant satisfies the burden of showing that it seeks dismissal of a "legal action" that is based on or in response to the movant's exercise of free speech, right to petition, or right of association does the burden shift to the nonmovant to pursue the next step, i.e., to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b), (c). Because we hold that Wolfram's motion for security of costs is not a "legal action" as defined by the TCPA, we need not discuss the second step of the process.

legal, equitable, or declaratory relief." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A).

## II. Standards of Review

We review de novo a trial court's ruling on a TCPA motion. *Beving*, 563 S.W.3d at 404. Here, the trial court denied the motion to dismiss and concluded in its Findings of Fact and Conclusions of Law that Wolfram's motion for security for costs "is not a 'legal action' as defined in Tex. Civ. Prac. & Rem. Code § 27.001(6)."

The objective of statutory construction is to give effect to the legislature's intent. *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017).[3] To ascertain such intent, we engage in a de novo review by first looking at the plain language of the statute. *Id.* If a word is not statutorily defined, it will bear its "common, ordinary meaning." *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 261 (Tex. 2018). And "to determine a statutory term's common, ordinary meaning, we typically look first to [its] dictionary definitions." *Id.* (citation omitted). When plain language yields an unambiguous answer, our analysis will end. *See id.*

## III. Analysis

Looking first, as we should, to the plain language of the statute, Wolfram's motion for security for costs is not "a lawsuit, cause of action, petition, complaint,

---

[3]We are mindful also that the TCPA is to be construed liberally to effectuate its purpose. *Id.* § 27.011(b).

cross-claim, or counterclaim." Tex. Civ. Prac. & Rem. Code § 27.001(6). Hence, the only question before us is whether Wolfram's motion falls within the catchall provision, i.e., "a filing that requests legal, declaratory, or equitable relief."

Although this is a matter of first impression for us, several intermediate courts of appeals, including our own, have struggled with similar questions as to what types of filings will fall within the catchall provision and thus trigger the TCPA's statutory scheme for summary dismissal. *See, e.g.*, *GN Ventures v. Stanley*, No. 05-19-01076-CV, 2020 WL 5868282, at *4–5 (Tex. App.—Dallas Oct. 2, 2020, pet. denied) (mem. op.) (holding that a request for pre-arbitration restraining order and temporary injunction was a "legal action"); *Bovee v. Heinz N. Am. Div. of J.H. Heinz Co.*, No. 03-19-00769-CV, 2020 WL 5884193, at *5 (Tex. App.—Austin Sept. 30, 2020, no pet.) (mem. op.) (holding that a not-yet-filed answer to a lawsuit was not a "legal action"); *In re Guardianship of Fairley*, 604 S.W.3d 450, 458–60 (Tex. App.—San Antonio 2020) (holding that neither a motion to transfer pursuant to Estates Code § 1022.007 nor a Rule 91 motion to dismiss was a "legal action"), *aff'd on other grounds*, No. 20-0328, 2022 WL 627776 (Tex. Mar. 4, 2022); *Deepwell Energy Servs., LLC v. Aveda Trans. & Energy Servs.*, 574 S.W.3d 925, 929 (Tex. App.—Eastland 2019, pet. denied) (holding that a TCPA motion to dismiss was not a "legal action" subject to dismissal under the TCPA); *Misko v. Johns*, 575 S.W.3d 872, 876–78 (Tex. App.—Dallas 2019, pet. denied) (holding that a motion for discovery sanctions was not a "legal action"); *Dow Jones*,

6

564 S.W.3d at 857–58 (holding that a subpoena was not a "legal action"); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 226–29 (Tex. App.—Austin 2018, no pet.) (holding that pleading seeking sanctions, costs, and attorney's fees under Texas Civil Practice and Remedies Code Chapter 9 was a "legal action," whether pleading was construed as a counterclaim or as a motion for sanctions). And, as one of our sister courts has noted, "based on the broad definitions in the statute, parties have sought to apply the protections of the TCPA to an increasing range of situations that do not further [its] purpose, including filing motions to dismiss (1) a suit affecting the parent–child relationship under the family code; (2) an appeal from the denial of a motion to dismiss under the TCPA; (3) a post-judgment subpoena directed to a third party; and (4) a TCPA motion to dismiss." *Misko*, 575 S.W.3d at 874 (citations omitted). The same can be said here, as Cole attempts to stretch the boundaries of the TCPA under the catchall provision to yet another situation that does not further the statute's purpose.[4]

---

[4]The legislature has instructed us that the purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002. And the Legislature has also instructed us that Chapter 27 "shall be construed liberally to effectuate its purpose and intent fully." *Id.* § 27.011(b). However, we fail to see how the statute's purpose and intent would be effectuated if we were to apply it to Wolfram's motion for security for costs. Instead, as one court has observed, "[t]he TCPA was designed to reduce meritless litigation, not multiply it," *Dow Jones*, 564 S.W.3d at 858, and to interpret "legal action" to include motions for security for costs subject to the TCPA dismissal process would thwart that purpose.

7

Using the plain language of the statute as our guide, we must determine whether Wolfram's motion for security for costs is a "filing that requests legal, declaratory, or equitable relief." The motion is certainly a filing, and while in a broad sense all motions seek a favorable outcome that might be broadly categorized as "relief," we examine the term "relief" as it is used in a legal context.

To do so, we first turn to Black's Law Dictionary, which defines "relief" as a "redress or benefit . . . that a party asks of a court. — Also termed *remedy*. Cf REMEDY." *Relief*, Black's Law Dictionary (11th ed. 2019). In turn, "remedy" is defined as "[t]he means of enforcing a right or preventing or redressing a wrong." *Remedy*, Black's Law Dictionary (11th ed. 2019). Based on these definitions, it appears that in the legal sense, "relief" operates to vindicate a wrong or injustice that has occurred and change the relationship between the parties. *Dow Jones*, 564 S.W.3d at 857 ("Relief is the '[d]eliverance from, [sic] wrong, or injustice,'" and the granting of relief "changes the relationship between the parties" (quoting Black's Law Dictionary)). Because a motion for security for costs neither seeks relief for a wrong or an injustice nor in any way changes the relationship between the parties, Section 27.001(6)'s catchall provision has dubious applicability here.

But because the supreme court has also instructed us that we should consider statutory context, we look to how the term "relief" is used in the TCPA itself. *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 326 (Tex. 2017) (reiterating that, when construing a statute, "words and phrases are not to be

8

considered in isolation, but rather in the context of the statute as a whole"). In looking at Section 27.001(6), we note that the word "relief" is modified by the terms "legal," "declaratory," and "equitable."[5] Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6).

Declaratory relief is relief granted by a court under specific statutory authority. *See id.* § 37.002(b) (providing for the remedy of a declaratory judgment to "settle and to afford relief from uncertainty and insecurity with respect to [certain] rights, status, and other legal relations"). Wolfram's motion for security for costs did not seek declaratory relief.

With regard to "legal" and "equitable" relief, as our sister court has pointed out, the qualifiers "legal" and "equitable" implicate "the traditional law–equity distinction that lives on in what are termed the 'legal' versus 'equitable' remedies." *Dow Jones*, 564 S.W.3d at 857. Legal relief comes in the form of monetary damages, whereas equitable relief is generally granted through injunctions, specific performance, or other similar remedies recognized in the law. *Id.* The posting of security for costs implicates neither legal nor equitable relief. It simply asks that a party be required to

---

[5]The legislature amended the definition of "legal action" in 2019. Originally, the catchall provision applied only to filings that requested "legal or equitable relief." *See* Citizens Participation Act, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 962 (H.B. 2973). The 2019 amendment added "declaratory" relief. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 1, 2019 Tex. Gen. Laws 684, 684 (H.B. 2730) (amending Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)).

9

provide security for costs that may, at the trial court's discretion, be taxed against that party at the conclusion of a lawsuit.

Because Wolfram's motion for security for costs does not seek legal, declaratory, or equitable relief, we hold that a motion for security for costs is not a "legal action" as Chapter 27 defines that term. Accordingly, the trial court's denial of Cole's motion to dismiss is affirmed.[6]

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: April 28, 2022

---

[6]During the pendency of this appeal Cole filed his "Objection and Motion to Strike Appendix and References to Information Outside the Record in Appellee Carol Lynn Wolfram's Opening Brief." In his motion, Cole points out that Wolfram attached the transcript of a September 11, 2019 hearing in the trial court as an Appendix to her brief but that the transcript is not part of the Reporter's Record. He also complains that Wolfram referenced a document in her Brief that does not appear in the Clerk's Record. We agree with Cole that it was improper for Wolfram to attach the transcript of a hearing that is not part of the record and to refer to a document that is outside of the record, and we grant his motion to strike. *See BBVA Compass Inv. Sols., Inc. v. Brooks*, 456 S.W.3d 711, 716 (Tex. App.—Fort Worth 2015, no pet.) ("An appellate court cannot look outside the record but is bound to determine the case on the record filed."); *see also In re A.M.*, No. 02-18-00412-CV, 2020 WL 3987578, at *1 n.1 (Tex. App.—Fort Worth June 4, 2020, no pet.) (mem. op.) ("We cannot consider facts and exhibits that are outside the record before us."). We did not consider the stricken transcript or document in our analysis.

10